1  CEDRIC C. CHAO (CA SBN 76045)
   WILLIAM L. STERN (CA SBN 96105)
2  JAMES M. SCHURZ (CA SBN 145874)
   MORRISON & FOERSTER LLP
3  425 Market Street
   San Francisco, California  94105-2482
4  Telephone: 415.268.7000
   Facsimile:  415.268.7522
5  E-mail:  cchao@mofo.com or wstern@mofo.com

6  JAMES R. SOBIERAJ *(Pro Hac Vice)*
   RALPH J. GABRIC *(Pro Hac Vice)*
7  JULIE L. LEICHTMAN *(Pro Hac Vice)*
   BRINKS HOFER GILSON & LIONE
8  455 N. Cityfront Plaza Drive
   Chicago, Illinois 60611
9  Telephone: 312.321.4200
   Facsimile:  312.321.4299
10 E-mail:  jsobieraj@usebrinks.com

11 Attorneys for Defendant
   QUIXTAR INC.

12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                 SAN FRANCISCO DIVISION

16

17 JEFF POKORNY AND LARRY BLENN          Case No.    C 07-00201 SC
   on behalf of themselves and those similarly
18 situated,                             **DEFENDANT QUIXTAR INC.'S
                                         ANSWER TO COMPLAINT,**
19              Plaintiff,               **AFFIRMATIVE DEFENSES, AND
                                         COUNTERCLAIMS**
20      v.

21 QUIXTAR INC., et al.,

22              Defendant.

23

24

25

26

27

28

**QUIXTAR'S ANSWER AND COUNTERCLAIMS**

Quixtar Inc. ("Quixtar") answers plaintiffs' complaint as set forth below solely on behalf of Quixtar. To the extent any response to the conclusory headings used in the complaint may be deemed required, Quixtar denies any allegations set forth in those headings. Quixtar denies any allegation not deemed to be addressed below, if any, to the extent that allegation is deemed to require a response.

**Nature of Action**

1.      Quixtar admits that this action is an attempt to collect damages. Quixtar denies the remaining allegations of paragraph 1 of the Complaint.

2.      Quixtar admits that plaintiffs have attempted to bring a purported class action on behalf of a national class alleging liability under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et seq.* ("RICO"), and on behalf of a California class of "distributors" (Quixtar Independent Business Owners) pursuant to the California Business and Professions Code §§17200 *et seq.* and 17500 *et seq.* Quixtar denies that this case should proceed as a class action. Quixtar denies the remaining allegations of paragraph 2 of the Complaint.

3.      Quixtar lacks knowledge or information sufficient to form a belief regarding plaintiff Jeff Pokorny's county of residence ("Pokorny"). Quixtar admits that Pokorny entered into an agreement to become an Amway distributor on or about October 1994. Quixtar further admits that Pokorny later became a Quixtar Independent Business Owner ("IBO"). Quixtar lacks knowledge or information sufficient to form a belief as to whether Pokorny operated his Quixtar business under the name Pokorny Enterprises. Quixtar denies the remaining allegations of paragraph 3 of the Complaint.

4.      Quixtar lacks knowledge or information sufficient to form a belief as to Larry Blenn's county of residence ("Blenn"). Quixtar admits that Blenn agreed to the Quixtar Registration Agreement in about May, 2005 when Quixtar granted Blenn, at the request of Blenn and his wife, Lorraine Blenn, that Quixtar recognize Blenn as a partner in his wife's IBO. Quixtar lacks knowledge or information sufficient to form a belief as to whether Blenn operated his

1  Quixtar business under the name Blenn Enterprises.  Quixtar denies the remaining allegations of

2  paragraph 4 of the Complaint.

3       5.     Quixtar admits that it is a corporation organized under laws of the State of

4  Virginia, that its principal place of business is in the State of Michigan, and that it does business

5  regularly throughout the United States, including the State of California.  Quixtar admits that it is

6  a successor in interest to certain assets of Amway Corporation.  Plaintiffs' remaining allegations

7  state conclusions of law to which no answer is required.  To the extent the remaining allegations

8  require an answer, they are denied.

9       6.     The allegations in this paragraph are not directed to Quixtar.  Therefore, no answer

10  is required by Quixtar.

11       7.     The allegations in this paragraph are not directed to Quixtar.  Therefore, no answer

12  is required by Quixtar.

13       8.     The allegations in this paragraph are not directed to Quixtar.  Therefore, no answer

14  is required by Quixtar.

15       9.     The allegations in this paragraph are not directed to Quixtar.  Therefore, no answer

16  is required by Quixtar.

17       10.     The allegations in this paragraph are not directed to Quixtar.  Therefore, no answer

18  is required by Quixtar.

19       11.     The allegations in this paragraph are not directed to Quixtar.  Therefore, no answer

20  is required by Quixtar.

21       12.     The allegations in this paragraph are not directed to Quixtar.  Therefore, no answer

22  is required by Quixtar.

23       13.     The allegations in this paragraph are not directed to Quixtar.  Therefore, no answer

24  is required by Quixtar.

25       14.     Quixtar denies the allegations of paragraph 14 of the Complaint.

26  **Jurisdiction and Venue**

27       15.     Quixtar does not contest that this Court has personal jurisdiction as to Quixtar for

28  purposes of this case.  As for the remaining allegations of this paragraph, they either state conclu-

DEFENDANT QUIXTAR INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS C 07-00201 EMC
sf-2287897

2

1     sions of law or allegations that are not directed toward Quixtar, and, therefore, no answer is

2     required by Quixtar.

3         16.     This paragraph states conclusions of law to which no answer is required.

4         17.     The allegations of this paragraph are conclusions of law to which no answer is

5     required, and, therefore, Quixtar denies the same. Venue is not properly laid in this Court

6     inasmuch as plaintiffs contractually agreed to resolve any dispute with Quixtar through the

7     Quixtar ADR process. As to the First Claim for Relief, Quixtar does not contest venue for

8     purposes of this case.

9         18.     Quixtar admits that prospective IBOs are required to complete and sign an IBO

10     registration agreement in order to become a Quixtar IBO. Quixtar admits that the IBO registra-

11     tion agreement contains an arbitration clause requiring Quixtar IBOs to resolve disputes arising

12     out of or relating to, *inter alia*, the Quixtar business or the Quixtar Rules of Conduct through

13     conciliation and, if necessary, arbitration in accordance with the procedures set forth in the Rules

14     of Conduct. Quixtar denies that this arbitration clause is either in "very small print" or otherwise

15     "buried" in the IBO registration agreement. To the contrary, the arbitration clause is prominently

16     set forth just above the signature line in the Quixtar registration agreement. Quixtar also admits

17     that the named plaintiffs, Pokorny and Blenn, as well as all of the other members of the purported

18     class, agreed to the arbitration clause set forth in the IBO registration agreement. Quixtar admits

19     that the IBO registration agreement is not unconscionable. Quixtar denies the remaining allega-

20     tions of paragraph 18 of the Complaint.

21         19.     Quixtar denies the allegations of paragraph 19 of the Complaint.

22         20.     Quixtar admits that its registration form incorporates the Quixtar Rules of

23     Conduct. Quixtar denies that this paragraph accurately quotes the Quixtar Rules of Conduct.

24     Quixtar denies the remaining allegations of paragraph 20 of the Complaint.

25         21.     Quixtar denies the allegations of paragraph 21 of the Complaint.

26         22.     Quixtar admits that its rules provide for indigent relief. Quixtar denies the remain-

27     ing allegations of paragraph 22 of the Complaint.

28

1        23.     Quixtar admits that the arbitration agreement at issue provides for a two-year

2 limitations period for any claims brought by an IBO against Quixtar. Quixtar denies the remain-

3 ing allegations of paragraph 23 of the Complaint.

4        24.     Quixtar admits that the arbitration clause is silent about a distributor's so-called

5 "right" to bring a class action. Quixtar denies the remaining allegations of paragraph 24 of the

6 Complaint.

7        25.     Quixtar denies the allegations of paragraph 25 of the Complaint.

8        26.     Quixtar denies the allegations of paragraph 26 of the Complaint.

9        27.     Quixtar denies that it operates a pyramid scheme and accordingly denies the

10 allegations of this paragraph to the extent they purportedly relate to Quixtar. To the extent the

11 allegations of this paragraph do not relate to Quixtar, no further response is required by Quixtar.

12        28.     Quixtar denies that it operates a pyramid scheme and accordingly denies the

13 allegations of this paragraph to the extent they purportedly relate to Quixtar. Plaintiffs' remaining

14 allegations state conclusions of law to which no answer is required.

15        29.     Quixtar denies that it operates a pyramid scheme and accordingly denies the

16 allegations of the paragraph to the extent they purportedly relate to Quixtar. Plaintiffs' remaining

17 allegations state conclusions of law to which no answer is required.

18        30.     Quixtar denies that it operates a pyramid scheme and accordingly denies the

19 allegations of the paragraph to the extent they purportedly relate to Quixtar. Plaintiffs' remaining

20 allegations state conclusions of law to which no answer is required.

21        31.     Quixtar denies that it operates a pyramid scheme and accordingly denies the

22 allegations of the paragraph to the extent they purportedly relate to Quixtar. Plaintiffs' remaining

23 allegations state conclusions of law to which no answer is required.

24        32.     Quixtar denies that it operates a pyramid scheme and accordingly denies the

25 allegations of the paragraph to the extent they purportedly relate to Quixtar. Plaintiffs' remaining

26 allegations state conclusions of law to which no answer is required.

27        33.     Quixtar denies the allegations of paragraph 33 of the Complaint.

28        34.     Quixtar denies the allegations of paragraph 34 of the Complaint.

1        35.     Quixtar admits that it is a multi-level marketing business that markets its products

2  through independent distributors or business owners, referred to as IBOs.  Quixtar denies the

3  remaining allegations of paragraph 35 of the Complaint.

4        36.     Quixtar denies the allegations of paragraph 36 of the Complaint.

5        37.     Quixtar admits that new IBOs become part of an existing line of sponsorship,

6  which is the same line to which the new IBO's direct sponsor belongs.  Quixtar further admits

7  that bonuses are paid based on the sale of Quixtar products, and, under some circumstances, an

8  upline distributor can receive bonuses based upon the sale of Quixtar products by their downline

9  distributors.  Quixtar denies the remaining allegations of paragraph 37 of the Complaint.

10        38.     Quixtar denies the allegations of paragraph 38 of the Complaint.

11        39.     Quixtar denies the allegations of paragraph 39 of the Complaint.

12        40.     Quixtar admits that "tools and functions" can be referred to collectively as

13  "business support materials" or "BSMs." Quixtar admits that "tools" can refer to instructional and

14  motivational materials such as audio and videotapes and CDs, and that "functions" can refer to

15  motivational meetings and events.  Quixtar denies the remaining allegations of paragraph 40 of

16  the Complaint.

17        41.     Quixtar denies the allegations of paragraph 41 of the Complaint.

18        42.     Quixtar denies the allegations of paragraph 42 of the Complaint.

19        43.     Quixtar denies that it is operating an illegal pyramid scheme.  Quixtar denies the

20  remaining allegations of paragraph 43 of the Complaint.

21        44.     Quixtar admits that the principals of some Quixtar independent businesses ("IB")

22  are also the principals of certain businesses engaged in the manufacture and/or distribution of

23  BSMs.  Quixtar is without sufficient information or knowledge as to whether the chart in

24  paragraph 44 is a complete or accurate identification of these principals and their corresponding

25  Quixtar IBs and BSM businesses, and, therefore, denies the same.  Quixtar denies the remaining

26  allegations of paragraph 44 of the Complaint.

27        45.     Quixtar denies the allegations of paragraph 45 of the Complaint.

28

1    46.    Quixtar admits that "Achieve Magazine" is distributed by Quixtar to certain IBOs

2    in the United States.  Quixtar denies the remaining allegations of paragraph 46 of the Complaint.

3    47.    Quixtar denies the allegations of paragraph 47 of the Complaint.

4    48.    Quixtar admits that the Federal Trade Commission ("FTC") determined that the

5    Amway multi-level marketing business, now operated by Quixtar, is not a pyramid scheme.

6    Quixtar denies the remaining allegations of paragraph 48 of the Complaint.

7    49.    Quixtar admits that the FTC ruled that Amway is not a pyramid scheme.  The FTC

8    noted that the Amway sales and marketing plan was not a plan where participants purchase the

9    right to earn profits by recruiting other participants, who themselves are interested in recruitment

10   fees rather than sale of products.  Quixtar further avers that this ruling bars plaintiffs' claims

11   alleged herein.  Quixtar denies the remaining allegations of paragraph 49 of the Complaint.

12   50.    Quixtar admits that the FTC ruled that Amway was not a pyramid scheme.  The

13   FTC noted that the Amway sales and marketing plan was not a plan where participants purchase

14   the right to earn profits by recruiting other participants, who themselves are interested in recruit-

15   ment fees rather than sale of products.  Quixtar further avers that this ruling bars plaintiffs' claims

16   alleged herein.  Although the remaining allegations state conclusions of law to which no answer

17   is required, Quixtar expressly denies the remaining allegations of paragraph 51 of the Complaint.

18   51.    Quixtar admits that the FTC made the statement quoted in paragraph 51 in its

19   ruling that Amway is not a pyramid scheme.  Quixtar further avers that this ruling bars plaintiffs'

20   claims alleged herein.  Although the remaining allegations state conclusions of law to which no

21   answer is required, Quixtar expressly denies the remaining allegations of paragraph 51 of the

22   Complaint.

23   52.    Quixtar admits that its website refers to the FTC's 1979 finding that the Amway

24   plan is not an illegal pyramid scheme.  Quixtar denies the remaining allegations of paragraph 52

25   of the Complaint.

26   53.    Quixtar admits that the FTC ruled that Amway is not a pyramid scheme, and

27   further avers that this ruling bars plaintiffs' claims alleged herein.  To the extent that the remain-

28

1    ing allegations of this paragraphs are statements of law, no response is required.  Quixtar denies

2    the remaining allegations of paragraph 53 of the Complaint.

3          54.     This paragraph states conclusions and characterizations of law to which no answer

4    is required.  To the extent these or any other allegations in this paragraph require an answer, they

5    are denied.  Quixtar denies that it operates a pyramid scheme.

6          55.     Quixtar admits that it has a 70% rule and that Quixtar enforces that rule.  Quixtar

7    denies that plaintiffs have accurately characterized the FTC decision, the 70% rule or the refer-

8    enced exhibits.  Quixtar denies the remaining allegations of paragraph 55 of the Complaint.

9          56.     Quixtar admits that it has a buyback rule and that Quixtar enforces that rule.

10    Quixtar denies that plaintiffs have accurately characterized the FTC decision or the buyback rule.

11    Quixtar denies the remaining allegations of paragraph 56 of the Complaint.

12          57.     Quixtar admits that Quixtar's Rule of Conduct 5.3.6.3 expressly advises Quixtar

13    IBOs that they should not rely on Quixtar to assist in arranging the buy back of business support

14    materials not produced by Quixtar.  This same rule also encourages Quixtar IBOs to negotiate at

15    the time of purchase an understanding regarding a buyback guarantee with their source for

16    business support materials not produced by Quixtar.  In addition this same rule indicates that

17    Quixtar cannot assist an IBO in procuring a refund from the source from which the IBO

18    purchased BSM not produced by Quixtar.  To the extent that the allegations in this in this

19    paragraph are not directed to Quixtar, no answer is required by Quixtar.  Quixtar denies the

20    remaining allegations of paragraph 57 of the Complaint.

21          58.     Quixtar admits that the "ten customer rule" was changed to the "customer volume

22    Rule," which Quixtar enforces.  Quixtar denies that the allegations of this paragraph accurately or

23    completely characterize the FTC decision.  Quixtar denies the remaining allegations of

24    paragraph 58 of the Complaint.

25          59.     Quixtar denies the allegations of paragraph 59 of the Complaint.

26          60.     Quixtar denies the allegations of paragraph 60 of the Complaint.

27          61.     Quixtar denies the allegations of paragraph 61 of the Complaint.

28

1       62.     Paragraph 62 of the Complaint states a conclusion of law to which no answer is

2 required.  To the extent those allegations require an answer, they are denied.  In further answer,

3 Quixtar denies that this case should proceed as a class action.

4       63.     Plaintiffs' purported definition of an injured class is an assertion of law to which

5 no answer is required.  To the extent those allegations require an answer, they are denied.

6 Quixtar denies that it operated an illegal pyramid scheme and specifically denies that this action

7 should proceed as a class action.

8       64.     Plaintiffs' purported definition of an injured subclass is an assertion of law to

9 which no answer is required.  To the extent the remaining allegations require an answer, they are

10 denied.  Quixtar denies that subclass treatment is appropriate in this case.

11     65.     Quixtar denies the allegations of paragraph 65 of the Complaint.

12     66.     Quixtar denies the allegations of paragraph 66 of the Complaint.

13     67.     Quixtar denies the allegations of paragraph 67 of the Complaint.

14     68.     Quixtar denies the  allegations of paragraph 68 of the Complaint.

15     69.     Quixtar lacks information sufficient to admit or deny whether plaintiffs have

16 retained counsel who is experienced and skilled in complex class action litigation.  Quixtar denies

17 the remaining allegations of paragraph 69 of the Complaint.

18     70.     Quixtar denies the allegations of paragraph 70 of the Complaint.

19     71.     Quixtar denies the allegations of paragraph 71 of the Complaint.

20                                **First Claim for Relief**

21     72.     Quixtar incorporates by reference its responses to the foregoing paragraphs as if

22 fully set forth herein.

23     73.     Quixtar admits the Quixtar Registration Agreement is not unconscionable.  Quixtar

24 denies that the arbitration provision contained within the Registration Agreement is procedurally

25 or substantively unconscionable.

26     74.     Admitted.

27     75.     Quixtar denies the allegations of paragraph 75 of the Complaint.

28     76.     Quixtar denies the allegations of paragraph 76 of the Complaint.

1    77.    Quixtar admits that Quixtar's arbitration provision incorporates Quixtar's Rules of

2    Conduct.  Quixtar denies the remaining allegations of paragraph 77 of the Complaint.

3    78.    Quixtar denies the allegations of paragraph 78 of the Complaint.

4    79.    Quixtar denies the allegations of paragraph 79 of the Complaint.

5    80.    Quixtar admits that the arbitration provision contains a two-year limitations period.

6    Quixtar admits that plaintiffs purport to state a claim for relief under the RICO statute, which has

7    a four-year statute of limitations.  Quixtar denies the remaining allegations of paragraph 80 of the

8    Complaint.

9    81.    Quixtar admits that the arbitration provision is silent about class action arbitration.

10   Quixtar denies the remaining allegations of paragraph 81 of the Complaint.

11   82.    Quixtar admits that the Rules of Conduct provide for a mandatory pre-arbitration

12   conciliation process.  Quixtar denies the remaining allegations of paragraph 82 of the Complaint.

13   83.    Quixtar denies the allegations of paragraph 83 of the Complaint.

14                              **Second Claim for Relief**

15   84.    Quixtar denies the allegations of paragraph 84 of the Complaint.

16   85.    Quixtar denies the allegations of paragraph 85 of the Complaint.

17   86.    Quixtar denies the allegations of paragraph 86 of the Complaint.

18   87.    Quixtar denies the allegations of paragraph 87 of the Complaint.

19   88.    Quixtar denies the allegations of paragraph 88 of the Complaint.

20   89.    Quixtar denies the allegations of paragraph 89 of the Complaint.

21   90.    Quixtar denies the allegations of paragraph 90 of the Complaint.

22   91.    Quixtar denies the allegations of paragraph 91 of the Complaint.

23   92.    Quixtar denies the allegations of paragraph 92 of the Complaint.

24   93.    Quixtar denies the allegations of paragraph 93 of the Complaint.

25   94.    Quixtar denies the allegations of paragraph 94 of the Complaint.

26   95.    Quixtar denies the allegations of paragraph 95 of the Complaint.

27   96.    Quixtar denies the allegations of paragraph 96 of the Complaint.

28   97.    Quixtar denies the allegations of paragraph 97 of the Complaint.

1    98.    Quixtar denies the allegations of paragraph 98 of the Complaint.

2    99.    Quixtar admits that its Achieve Magazine is published monthly and is distributed

3    by Quixtar to certain Quixtar IBOs.  Quixtar denies the remaining allegations of paragraph 99 of

4    the Complaint.

5    100.    Quixtar admits that it posts information about Quixtar at www.quixtar.com.

6    Quixtar denies the remaining allegations of paragraph 100 of the Complaint.

7    101.    Quixtar lacks knowledge or information sufficient to form a belief as to the truth

8    of the allegations of paragraph 101 of the Complaint.  To the extent these allegations require an

9    answer, they are denied.

10    102.    Quixtar denies the allegations of paragraph 102 of the Complaint.

11    103.    Quixtar lacks knowledge or information sufficient to form a belief as to the truth

12    of the allegations of paragraph 103 of the Complaint.  To the extent these allegations require an

13    answer, they are denied.

14    104.    Quixtar lacks knowledge or information sufficient to form a belief as to the truth

15    of the allegations of paragraph 104 of the Complaint.  To the extent these allegations require an

16    answer, they are denied.

17    105.    Quixtar denies the allegations of paragraph 105 of the Complaint.

18    106.    Quixtar denies the allegations of paragraph 106 of the Complaint.

19    107.    Quixtar denies that it promoted a fraudulent pyramid scheme.  To the extent these

20    allegations require an answer, they are denied.

21    108.    Quixtar denies the allegations of paragraph 108 of the Complaint.

22    109.    Quixtar denies the allegations of paragraph 109 of the Complaint.

23                                **Third Claim for Relief**

24    110.    Quixtar incorporates by reference its responses to the foregoing paragraphs as if

25    fully set forth herein.

26    111.    Quixtar denies the allegations of paragraph 111 of the Complaint.

27    112.    Quixtar denies the allegations of paragraph 112 of the Complaint.

28    113.    Quixtar denies the allegations of paragraph 113 of the Complaint.

1

**Fourth Claim for Relief**

2      114.   Quixtar incorporates by reference its responses to the foregoing paragraphs as if

3   fully set forth herein.

4      115.   Quixtar denies the allegations of paragraph 115 of the Complaint.

5      116.   Quixtar denies the allegations of paragraph 116 of the Complaint.

6      117.   Quixtar denies the allegations of paragraph 117 of the Complaint.

7

**Fifth Claim for Relief**

8      118.   Quixtar incorporates by reference its responses to the foregoing paragraphs as if

9   fully set forth herein.

10      119.   Quixtar denies the allegations of paragraph 119 of the Complaint.

11      120.   Quixtar denies the allegations of paragraph 120 of the Complaint.

12      121.   The first sentence of paragraph 121 states a conclusion of law to which no answer

13   is required.  To the extent the first sentence requires an answer, it is denied.  Quixtar denies the

14   remaining allegations of paragraph 121 of the Complaint.

15      122.   The first sentence of paragraph 122 states a conclusion of law to which no answer

16   is required.  To the extent the first sentence requires an answer, it is denied.  Quixtar denies the

17   remaining allegations of paragraph 122 of the Complaint.

18      123.   The first sentence of this paragraph states a conclusion of law to which no answer

19   is required.  To the extent the first sentence requires an answer, it is denied.  Quixtar denies the

20   remaining allegations of paragraph 123 of the Complaint.

21      124.   Quixtar denies the allegations of paragraph 124 of the Complaint.

22      125.   Quixtar denies the allegations of paragraph 125 of the Complaint.

23      126.   Quixtar denies the allegations of paragraph 126 of the Complaint.

24

**Sixth Claim for Relief**

25      127.   Quixtar incorporates by reference its responses to the foregoing paragraphs as if

26   fully set forth herein.

27      128.   Quixtar denies the allegations of paragraph 128 of the Complaint.

28      129.   Quixtar denies the allegations of paragraph 129 of the Complaint.

1    130.    Quixtar denies the allegations of paragraph 130 of the Complaint.

2    131.    Quixtar denies the allegations of paragraph 131 of the Complaint.

3                              **AFFIRMATIVE DEFENSES**

4          Without assuming any burden of proof that Defendant Quixtar would not otherwise bear

5    under applicable law, and without limitation as to any and all other affirmative defenses that

6    Defendant Quixtar may have and that it may assert in this action, Defendant Quixtar asserts the

7    following affirmative or additional defenses:

8                          **FIRST AFFIRMATIVE DEFENSE**
9                                **(Agreement to ADR)**

10         Plaintiffs agreed to resolve each and every claim they assert in this Complaint through

11   alternative dispute resolution (ADR).  Each Plaintiff entered into an agreement with Defendant

12   Quixtar that provides for (1) informal conciliation, (2) formal conciliation, and (3) binding

13   arbitration.  Plaintiffs' claims are referable to the three-step ADR process, and they have therefore

14   waived their right to seek the relief they request in this court.

15                        **SECOND AFFIRMATIVE DEFENSE**
16                            **(Failure to State a Claim)**

17         The complaint fails to state a claim upon which relief can be granted.

18                         **THIRD AFFIRMATIVE DEFENSE**
19                            **(Statute of Limitations)**

20         Plaintiffs' claims are barred by the applicable statutory statute of limitations.

21                        **FOURTH AFFIRMATIVE DEFENSE**
22                         **(Contractual Limitations Period)**

23         Plaintiffs' claims are barred by the two-year limitation period provided for in their

24   contracts with Quixtar and the other defendants.

25

26

27

28

**FIFTH AFFIRMATIVE DEFENSE**
**(Barred by Contract)**

The operative agreements executed by Plaintiffs preclude recovery of the alleged losses, liabilities, costs, expenses or other damages or amounts of the type for which Plaintiffs seek recovery and warrant dismissal of the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

Plaintiffs are sophisticated businessmen who assumed the risk that their Independent Business might not achieve their desired objectives and might result in the alleged losses, liabilities, costs, expenses or other damages or amounts of the type for which Plaintiffs seek recovery.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiffs contributed to and failed to mitigate any alleged losses, liabilities, costs, expenses or other damages or amounts of the type for which Plaintiffs seek recovery.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Plaintiff's Own Conduct)**

Plaintiffs' own conduct, including but not limited to their voluntary participation as an Independent Business Owner at issue in the Complaint, prevents them from recovering any alleged losses, liabilities, costs, expenses, or other damages or amounts of the type for which Plaintiffs seek recovery.

**NINTH AFFIRMATIVE DEFENSE**
**(Comparative Fault)**

Any alleged losses, liabilities, costs, expenses or other damages or amounts of the type for which Plaintiffs seek recovery were caused by the conduct of Plaintiffs themselves and/or other third parties, and were not caused by any conduct of Quixtar.

**TENTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**
**(In Pari Delicto, Waiver, Estoppel)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto,* waiver and estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Ratification)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Consent)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent.

**FIFFHTEENTH AFFIRMATIVE DEFENSE**
**(Authorization)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of authorization.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Justification)**

Plaintiffs' claims are barred, in whole or in part, on the ground that the acts and/or omissions alleged in the Complaint were justified.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Choice of Law)**

Plaintiffs are barred from any recovery or relief and from asserting any of their claims to the extent that the contracts and agreements applicable are governed under the laws of states other than the state of California.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Preemption)**

The Complaint, and each and every cause of action contained therein, is barred, in whole or in part, by the doctrine of preemption.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Conduct Not "Unlawful")**

Defendant Quixtar's business practices were not "unlawful" within the meaning of California Business and Professions Code section 17200.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Conduct Not "Unfair")**

Defendant Quixtar's business practices were not "unfair" within the meaning of California Business Code section 17200.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Conformity with Standards)**

The Complaint, and each and every cause of action contained therein, is barred, in whole or in part, because Defendant Quixtar's statements, conduct, and actions, if any, were in conformity with and were pursuant to statutes, governmental regulations, and industry standards based on the knowledge existing at the time of any such statements, conduct, or actions.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Res Judicata/Collateral Estoppel)**

The claims made by Plaintiffs are precluded by res judicata and/or collateral estoppel principles, to the extent that there are prior actions raising the same claims and issues as are raised in this action, which prior actions were resolved after full and fair litigation.

**TWENTY-THIRDAFFIRMATIVE DEFENSE**
**(Offset by Plaintiffs' Conduct and/or Third Parties)**

While Quixtar denies any liability in this matter, any such potential liability that might ultimately be determined must be offset by the extent to which any alleged losses, liabilities,

1   costs, expenses or other damages or amounts of the type for which Plaintiffs seek recovery are

2   attributable to the conduct of Plaintiffs and/or third parties.

3                       **TWENTY-FOURTH AFFIRMATIVE DEFENSE**
                                    **(Standing)**
4

5           Plaintiffs do not meet the standing requirements for some or all of the claims asserted

6                                   **COUNTERCLAIMS**

7           On March 5, 2007, Quixtar filed a Motion to Dismiss or Stay and Compel Compliance

8   with Dispute Resolution Agreement.  Where, as here, the underlying Complaint seeks a declara-

9   tion of the invalidity of the arbitration provision itself, rather than the invalidity of the contract as

10  a whole, then this Court must decide whether the dispute resolution provision is valid and

11  enforceable under Title 9 United States Code section 2 of the Federal Arbitration Act.  *Nagrampa*

12  *v. Mailcoups, Inc.,* 469 F. 3d 1257, 1264 (9th Cir. 2006).  Counterplaintiff Quixtar frames this

13  Counterclaim to address this limited, narrow issue, reserving to ADR all other claims raised in the

14  Complaint and any additional counterclaims that might be raised.  Subject to this reservation,

15  Quixtar states as follows:

16                                  **Parties and Jurisdiction**

17          1.      Quixtar Inc. is a Virginia corporation with its principal place of business in Michi-

18  gan.

19          2.      On information and belief, Jeff Pokorny ("Pokorny") resides in Fremont, Califor-

20  nia.

21          3.      On information and belief Larry Blenn ("Blenn") resides in Escalon, California.

22          4.      This Court has personal jurisdiction over Blenn and Pokorny.  This Court has

23  subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 13, 28 U.S.C. § 1331

24  (diversity), 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. §§ 2201 and 2202

25  (declaratory judgment).

26          5.      Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391.

27

28

**General Allegations**

1

2      6.      The Quixtar ADR Agreement is a multi-tiered dispute resolution process that

3  requires (1) informal conciliation, (2) formal conciliation, and in the event such conciliation is

4  unsuccessful, (3) binding arbitration administered by JAMS under rules designed jointly by

5  Quixtar and the Independent Business Owners Association International.  These rules closely

6  resemble, and in many cases are identical to, the commercial arbitration rules applied by organi-

7  zations like JAMS and the American Arbitration Association (AAA).

8      7.      Pokorny agreed to the following Quixtar ADR Agreement not just once, but ten

9  times.

10          AGREEMENT TO ARBITRATE.  I agree that I will give notice in
           writing of any claim or dispute arising out of or relating to my
11         Independent Business, the Independent Business Ownership Plan,
           or the IBO Rules of Conduct, to the other party or parties involved
12         in the dispute, specifying the basis for my claim and the amount
           claimed or relief sought.  I will then try in good faith to resolve the
13         dispute using the Dispute Resolution Procedures contained in the
           IBO Rules of Conduct, including the conciliation process.
14

15          If the claim or dispute is not resolved to my satisfaction within 90
           days, or after the conciliation process is complete, whichever is
16         later, I agree to submit any remaining claim or dispute arising out of
           or relating to my Independent Business, the Independent Business
17         Ownership Plan, or the IBO Rules of Conduct [. . .] to binding
           arbitration in accordance with the Arbitration Rules, which are set
18         forth in the IBO Rules of Conduct.

19     8.      Blenn contracted with Quixtar to submit disputes to the same Quixtar ADR

20  process on two separate occasions.

21     9.      The Quixtar ADR Agreement encompasses all of Plaintiffs' claims.  Moreover, the

22  Quixtar IBO Registration Agreement provides that if Pokorny or Blenn have a dispute with

23  another IBO relating to the purchase of tools and functions, they acknowledge that it will be

24  subject to the same Quixtar ADR Agreement.

25                          **First Counterclaim**
                          **(Specific Performance)**
26
27     10.     Quixtar incorporates the foregoing paragraphs of its Counterclaim.

28

11.     Plaintiffs' allegations in the Complaint in this action raise disputes that are subject to the conciliation and arbitration provisions to which Pokorny and Blenn agreed.

12.     The parties' dispute resolution agreements are valid, binding and enforceable.  No grounds exist at law or in equity for their revocation.

13.     Contrary to their agreements, neither Pokorny nor Blenn notified Quixtar of their claims or dispute prior to filing their complaint.

14.     Contrary to their agreements, and upon information and belief, neither Pokorny nor Blenn notified any of the other defendants in this action of their claims or disputes prior to filing their complaint.

15.     Contrary to their agreements, Pokorny and Blenn refuse to submit their dispute with defendants to informal conciliation, to formal conciliation, and/or to binding arbitration.

16.     Specific performance of the parties' dispute resolution agreements, requiring Pokorny and Blenn to submit their dispute to informal conciliation, to formal conciliation, or to binding arbitration, is warranted under law and equity.

**Second Counterclaim**
**(Declaratory Judgment That Pokorny and Blenn**
**Are Required to Comply with the Quixtar ADR Agreement)**

17.     Quixtar incorporates the foregoing paragraphs of its Counterclaim.

18.     An actual and justiciable controversy exists between Quixtar, on the one hand, and Pokorny and Blenn, on the other, concerning the applicability and enforceability of the Quixtar ADR Agreement.

19.     Quixtar seeks a declaratory judgment that Pokorny and Blenn are bound by the terms of the foregoing Quixtar agreement, and that the foregoing Quixtar agreement is enforceable by Quixtar against Pokorny and Blenn.

**PRAYER FOR RELIEF**

WHEREFORE, Quixtar prays that this Court:

A.     Enter an order declaring that Pokorny and Blenn are bound by the terms of the Quixtar agreement, that the Quixtar agreement is enforceable by Quixtar against Pokorny and

DEFENDANT QUIXTAR INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS C 07-00201 EMC
sf-2287897

18

1   Blenn, and that Pokorny and Blenn must comply with the Quixtar arbitration process pursuant to

2   section 4 of the Federal Arbitration Act.

3       B.      Enter an order dismissing plaintiffs' case or, in the alternative, staying proceedings

4   in the case pending the outcome of conciliation or arbitration;

5       C.      Enter a judgment declaring that the Quixtar ADR Agreement is valid and enforce-

6   able against plaintiffs; and

7       D.      Enter an order awarding Quixtar its costs and attorneys' fees necessitated by plain-

8   tiffs' refusal to participate in conciliation or arbitration, together with any other relief this Court

9   deems equitable and just.

10

11  Dated: March 23, 2007                 CEDRIC C. CHAO
                                          WILLIAM L. STERN
                                          JAMES M. SCHURZ
12                                        MORRISON & FOERSTER LLP

13

14                                        By:  ___/c/ Cedric C. Chao_____
                                               Cedric C. Chao
15
                                               Attorneys for Defendant
16                                             QUIXTAR INC.

17

18                                        JAMES R. SOBIERAJ
                                          RALPH J. GABRIC
19                                        JULIE L. LEICHTMAN
                                          BRINKS HOFER GILSON & LIONE
20

21

22                                        By:  ___/s/ James R. Sobieraj_____
                                               James R. Sobieraj *Pro Hac Vice*
23
                                               Attorneys for Defendant
24                                             QUIXTAR INC.

25

26

27

28

DEFENDANT QUIXTAR INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS C 07-00201 EMC                                                        19
sf-2287897