David W. Shapiro, Esq.
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, California 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
E-mail: dshapiro@bsfllp.com
California Bar Number: 219265

*Additional attorneys on following page*

Attorneys for Plaintiffs Jeff Pokorny and Larry Blenn

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Jeff Pokorny and Larry Blenn on behalf of themselves and those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Quixtar, Inc., et al,<br><br>　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CASE NO. C 07-0201 SC**

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE BRITT DEFENDANTS' MOTION TO DISMISS AND COMPEL COMPLIANCE WITH DISPUTE RESOLUTION AGREEMENT AND JOINDER IN DEFENDANT QUIXTAR, INC.'S MOTION RE: SAME**

CLASS ACTION

Date:  April 27, 2007
Time:  10:00 a.m.
Room:  1, 17th Floor
Judge:  Honorable Samuel Conti

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

1         Additional counsel:

2    David Boies, Esq. (Pro Hac Vice)
BOIES, SCHILLER & FLEXNER LLP
3    333 Main Street
Armonk, NY 10504
4    Telephone: (914) 749-8200
Facsimile: (914) 749-8300
5    E-mail: dboies@bsfllp.com
6

7    Stuart H. Singer, Esq. (*Pro Hac Vice*)
Carlos M. Sires, Esq. (*Pro Hac Vice*)
8    Sigrid S. McCawley, Esq. (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
9    401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
10    Telephone: (954) 356-0011
Facsimile: (954) 356-0022
11    E-mail: ssinger@bsfllp.com
E-mail: csires@bsfllp.com
12    E-mail: smccawley@bsfllp.com
13

14    Willie E. Gary, Esq. (*Pro Hac Vice*)
Maria Sperando, Esq. (*Pro Hac Vice*)
15    Mary Diaz, Esq. (*Pro Hac Vice*)
GARY, WILLIAMS, PARENTI, FINNEY,
16    LEWIS, MCMANUS, WATSON &
SPERANDO
17    221 East Osceola Street
Stuart, Florida 34994
18    Telephone: (772) 283-8260
Facsimile: (772) 220-3343
19    E-mail: weg@williegary.com
E-mail: mps@williegary.com
20    E-mail: mad@williegary.com
21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3    TABLE OF AUTHORITIES ..................................................................................................ii

4    PRELIMINARY STATEMENT............................................................................................ 1

5    STATEMENT OF FACTS.................................................................................................... 2

6    ARGUMENT ........................................................................................................................ 3

7          I.      THE QUIXTAR CONCILIATION AND ARBITRATION CLAUSES ARE
                   UNCONSCIONABLE AND THUS ARE UNENFORCEABLE........................ 3
8
          II.     MR. BLENN IS NOT A PARTY TO ANY CONCILIATION/
9                  ARBITRATION AGREEMENT ...................................................................... 4

10        III.    THE NON-IBO DEFENDANTS ARE NOT INTENDED THIRD PARTY
                   BENEFICIARIES OF ANY ARBITRATION AGREEMENT ENTERED
11                 INTO BY PLAINTIFF POKORNY .................................................................. 5

12        IV.     PLAINTIFFS ARE NOT BARRED BY EQUITABLE ESTOPPEL FROM
                   LITIGATING THEIR CLAIMS ...................................................................... 6
13
      CONCLUSION ..................................................................................................................... 8
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

CASE NO. C 07-0201 SC          PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE BRITT DEFENDANTS' MOTION TO DISMISS AND COMPEL
                               COMPLIANCE WITH DISPUTE RESOLUTION AGREEMENT AND JOINDER IN DEFENDANT QUIXTAR, INC.'S MOTION
                               RE: SAME

# TABLE OF AUTHORITIES

Page

<u>Cases</u>

*Amisil Holdings, Ltd. v. Clarium Cap. Mgmt LLC,*
   No. C-06-5255, 2006 WL 3949332 (N.D. Cal. Dec. 21, 2006) ...................................6

*AT & T Techs., Inc. v. Commc'ns Workers,*
   475 U.S. 643 (1986) ...................................................................................................4

*Comer v. Micor, Inc.,*
   436 F.3d 1098 (9th Cir. 2006) ...................................................................................4

*Denney v. Jenkens & Gilchrist,*
   412 F. Supp. 2d 293 (S.D.N.Y. 2005) ....................................................................6, 7

*Dewakuku v. Cuomo,*
   107 F. Supp. 2d 1117 (D. Ariz. 2000) ......................................................................5

*GDF Intern., S.A. v. Associated Elec. & Gas Ins. Services Ltd.,*
   No. C 02-02916 CRB, 2003 WL 926790 (N.D. Cal. March 4, 2003) .......................5

*Hawkins v. KPMG LLP,*
   423 F. Supp. 2d 1038 (N.D. Cal. 2006) ...................................................................7

*In re Humana,*
   285 F.3d 971 (11th Cir. 2003) ...................................................................................7

*Klamath Water Users Protective Ass'n v. Patterson,*
   204 F.3d 1206 (9th Cir. 2000) ...................................................................................5

*Letizia v. Prudential Bache Securities, Inc.,*
   802 F.2d 1185 (9th Cir.1986) ....................................................................................4

*Lopinson v. United States,*
   15 Cl. Ct. 712 (1998) .................................................................................................4

*Metzger, Shadyac & Schwarz v. United States,*
   12 Cl. Ct. 602 (1987) .................................................................................................4

*PacifiCare Health Sys. v. Book,*
   538 U.S. 401 (2003) ...................................................................................................7

*Schuerman v. U.S.,*
   30 Fed. Cl. 420 (1994) ..............................................................................................5

*Thomson-CSF, S.A. v.  American Arbitration Ass'n*
   64 F.3d 773 (2d Cir. 1995) ........................................................................................7

*Westmoreland v. Sadoux,*
   299 F.3d 462 (5th Cir.2002) ......................................................................................7

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

ii

CASE NO. C 07-0201 SC     PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE BRITT DEFENDANTS' MOTION TO DISMISS AND COMPEL
                         COMPLIANCE WITH DISPUTE RESOLUTION AGREEMENT AND JOINDER IN DEFENDANT QUIXTAR, INC.'S MOTION
                         RE: SAME

Plaintiffs Jeff Pokorny and Larry Blenn ("Plaintiffs"), individually and as class representatives, respectfully file this Memorandum in Opposition to the Motion to Dismiss and Compel Compliance with Dispute Resolution Agreement and Joinder in Defendant Quixtar, Inc.'s ("Quixtar") Motion re: Same filed by Defendants Bill Britt, Peggy Britt, Britt Worldwide, L.L.C., American Multimedia, Inc., and Britt Management, Inc. (collectively "Britt Defendants").

## PRELIMINARY STATEMENT

Plaintiffs have pleaded and will prove that the Britt Defendants, along with the other Defendants, cheated thousands of unsophisticated individuals into buying worthless "tools and functions" and into joining an illegal "get rich quick" pyramid scheme. Even though the Britt Defendants are not signatories to the Quixtar Registration Agreement, they attempt to impose Quixtar's biased, non-mutual, expensive, and futile conciliation and arbitration process on the Plaintiffs through the Quixtar Registration Agreement, Dreambuilders Management LLC Agreement ("DMA), and Business Support Materials Arbitration Agreement ("BSMAA") in order to silence them from exposing the Britt Defendants' role in the illegal pyramid scheme.

The Britt Defendants seek to compel arbitration on the theory that the DMA and BSMAA, which both incorporate the Quixtar Rules of Conduct ("RoC") into their arbitration clauses, obligate the Plaintiffs to arbitrate. However, as demonstrated in Plaintiffs' Opposition to Quixtar's Motion to Dismiss or Stay and Compel Compliance with the Dispute Resolution Agreement, the Quixtar conciliation and arbitration clauses – including the RoC – are unconscionable and thus are unenforceable.[1] Therefore, to the extent that Quixtar's RoC is

---

[1] Plaintiffs incorporate herein the arguments made in Plaintiffs' Opposition to Quixtar's Motion to Compel and Opposition to the Defendants Puryears and World Wide's Memorandum in Support of Joinder in Quixtar Inc.'s and Britt's Motion to Dismiss or Stay Litigation and Compel Compliance with Dispute Resolution Agreement.

1

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

1  unconscionable, the incorporation of the RoC into the DMA and BSMAA is unconscionable as

2  well.

3      As will be shown herein, the Defendants Britt Worldwide, L.L.C., American

4  Multimedia Inc., and Britt Management, Inc. (collectively "Non-IBO Defendants") are neither

5  parties to nor third party beneficiaries of the Registration Agreement or any BSMAA signed by

6  Mr. Pokorny.  Additionally, Mr. Blenn is not bound by the Quixtar conciliation and arbitration

7  clauses or the DMA or BSMAA because he never signed any of those agreements. As a result,

8

9  the Britt Defendants' motion should be denied.  Plaintiffs also ask the Court to deny the Britt

10  Defendants' request to stay this litigation pending arbitration.[2]

11                                    **STATEMENT OF FACTS**

12      The Britt Defendants consist of the "Kingpins," Bill and Peggy Britt, who are high-level

13  Independent Business Owners ("IBOs"), and the Non-IBOs companies, who are all involved in

14  selling products and services, such as literature, audio materials and paid motivational meetings

15  and events called "tools and functions," under the guise of "provid[ing] support to other

16

17  Quixtar distributors in their efforts to achieve business success."  (Britt Defs. Mot. 4.)  In

18  reality, the Britt Defendants largely use the "tools and functions" to encourage the IBOs to

19  recruit new IBOs, and to ensure a continued stream of revenue generated by IBO's purchases of

20  Quixtar products, "tools and functions."  Although the Britt Defendants claim that the purchase

21  of "tools and functions" by IBOs is optional (Britt Defs. Mot. 5), the "tools and functions" or

22

23  "business support materials" are heavily marketed to the IBOs as necessary for success as a

24  distributor.  (Compl. ¶ 40.)

25

26

27  _____

28  [2] Plaintiffs note that the Britt Defendants have not formally moved this Court for a stay; however, in an abundance of caution, Plaintiffs incorporate herein the arguments made in their Opposition to Defendants Puryears and Worldwide's Motion in opposing the Britt Defendants' request to stay this litigation pending arbitration.

BOIES, SCHILLER & FLEXNER LLP    OAKLAND, CALIFORNIA

Defendants Bill and Peggy Britt do not contest that they are "upline" sponsors at the most senior level of the Britt line of sponsorship.  (Britt Defs. Mot. 4.)  They concede that they "are more senior in the line of sponsorship in which the Puryears participate."  Plaintiffs Blenn and Pokorny are low-level IBOs at the bottom of the line of sponsorship.  (Britt Defs. Mot. 4.)  Defendants Britt Worldwide, L.L.C., American Multimedia Inc., and Britt Management are not IBOs, and they have not signed any agreements containing an arbitration clause.

As explained in Mr. Blenn's Declaration, Mr. Blenn never executed the Quixtar Registration Agreement, and there is no evidence in the record that Mr. Blenn executed any agreement containing the conciliation and arbitration clauses from which the Britt Defendants seek to benefit as third party beneficiaries.  Mr. Blenn only signed a Quixtar Business Name Change Form in 2005 and did not review or sign any arbitration agreement with Quixtar or any other Defendants.  (Declaration of Larry Blenn ("Blenn Decl.") ¶ 2.)  Thus, the Britt Defendants completely mischaracterize the record by claiming that Plaintiff Larry Blenn signed the Registration Agreement in 2005 and 2006, when the only exhibit to which they cite containing Blenn's signature is the Business Name Change form.  (*See* Britt Mot. at 5 (citing Quixtar Mot., Exs. 12, 14, 15).)

## **ARGUMENT**

I.   **THE QUIXTAR CONCILIATION AND ARBITRATION CLAUSES ARE UNCONSCIONABLE AND THUS ARE UNENFORCEABLE**

Although the Britt Defendants are not signatories to the Quixtar Registration Agreement, they seek to enforce the conciliation and arbitration clauses contained in the agreement as third party beneficiaries.  (Defs. Mot. 8-14.)  As Plaintiffs have demonstrated in their Opposition to Quixtar's Motion to Dismiss or Stay, which is incorporated here by reference, the Quixtar conciliation and arbitration clauses contained in the Registration

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

Agreement and Rules of Conduct are unconscionable and, thus, unenforceable.[3]  (*See* Pls. Opp. to Quixtar's Mot., Declaration of Stephen Hayford.)  Thus, there is no valid arbitration agreement under which the Britt Defendants could make a claim as third party.

## II.    MR. BLENN IS NOT A PARTY TO ANY CONCILIATION/ARBITRATION AGREEMENT

There is no basis to compel Mr. Blenn to arbitrate his claims against the Britt Defendants because Mr. Blenn never signed the Quixtar Registration Agreement.  Mr. Blenn did not enter into any agreement to arbitrate with the Britt Defendants, nor did he enter into an arbitration agreement with Quixtar or any other Defendant.  Therefore, the Britt Defendants do not have a third party beneficiary claim or any other ground to compel arbitration.[4]  *See AT & T Techs., Inc. v. Commc'ns Workers,* 475 U.S. 643, 648 (1986) ("arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit"); *Lopinson v. United States*, 15 Cl. Ct. 712, 716 (1998) (holding that "[s]ince the Government has established that no contract, express or implied-in-fact, existed between it and the plaintiffs, [there was no] contract between the Federal Government and the state on which any third party beneficiary status could be established.").  Nor is Mr. Blenn a third party beneficiary of any arbitration agreement signed by the Britt Defendants or by Lorraine Blenn.  *See Metzger, Shadyac & Schwarz v. United States*, 12 Cl. Ct. 602, 606 (1987)

---

[3]  If the Court finds that the Quixtar conciliation and arbitration clauses are unenforceable, then the conciliation and arbitration procedures in the BSMAA are unenforceable as well, because the Britt Defendants admit that the conciliation and arbitration procedures in the BSMAA are "similar to those found in the Quixtar ADR Agreement," and the BSMAA incorporates by reference the Quixtar Rules of Conduct.  (*See* Britt Defs. Mot. 6.)

[4]  Determination of whether particular parties are bound by an arbitration agreement "is controlled by application of federal substantive law rather than state law."  *See Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986) (applying federal substantive law in determining whether the non-signatories can submit their dispute to arbitration:  "Because the issue involves the arbitrability of a dispute, it is controlled by application of federal substantive law rather than state law.").  Here, whether the Non-IBO defendants can compel arbitration against a signatory or non-signatory is an issue involving the arbitrability of the Plaintiffs' claims against them and, thus, is controlled by federal substantive law.  *See Comer v. Micor, Inc.*, 436 F.3d 1098 (9th Cir. 2006).

4

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1   (concluding that "[t]here is no contract; therefore, Metzger cannot recover as a third party

2   beneficiary.").

3   **III.     THE NON-IBO DEFENDANTS ARE NOT INTENDED THIRD PARTY**
**BENEFICIARIES OF ANY ARBITRATION AGREEMENT ENTERED INTO**
4   **BY PLAINTIFF POKORNY**

5         There is no basis to compel Mr. Pokorny to arbitrate his claims against the Non-IBO

6   Defendants pursuant to the conciliation and arbitration clauses in the Quixtar Registration

7   Agreement entered into between Mr. Pokorny and Quixtar, because they are not-signatories to

8   the agreements and were not intended to benefit from them.

9         "To sue as a third-party beneficiary of a contract, the third party must show that the

10  contract reflects the express or implied intention of the parties to the contract to benefit the

11  third party."  *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th

12  Cir. 2000); s*ee also Schuerman v. U.S*., 30 Fed. Cl. 420, 433 (1994) ("The proper test for

13  determining third-party beneficiary status is whether the contract reflects the express or implied

14  intention of the parties to benefit the third party.").  For example, in *Klamath Water Users*, the

15  Ninth Circuit found that contractual provisions allowing a dam operator to lower the water

16  "only to protect the irrigation and reclamation requirements of Project Land" and preventing

17  the operator from using water "when it may be needed or required by the United States or any

18  irrigation or drainage district, person, or association obtaining water from the United States for

19  use for domestic, municipal, and irrigation purposes on Project Land" did not confer upon

20  irrigators any rights to enforce those provisions under that contract.  204 F.3d at 1211-12.

21        In addition, a party seeking third party beneficiary status bears the burden of showing

22  that the parties "actually promised the performance that the third-party beneficiary seeks."

23  *GDF Intern., S.A. v. Associated Elec. & Gas Ins. Services Ltd*., No. C 02-02916 CRB, 2003

24  WL 926790, at *4 (N.D. Cal. March 4, 2003); *Dewakuku v. Cuomo*, 107 F. Supp. 2d 1117,

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1131 (D. Ariz. 2000) ("The burden is on … [the party seeking third party benefits] to establish that she is an intended third party beneficiary of the contract.").  Defendants have produced no evidence of any intent by the parties to confer the right to arbitrate upon the Non-IBO Defendants, and a review of both the Registration Agreement and BSMAA reveals no such intent.  The provision in the arbitration clauses that the signatory will submit to arbitration any disputes that it might have with an IBO does not confer upon the non-signatory and Non-IBO Defendants a *right* to compel arbitration with Mr. Pokorny nor does it confer any other contractual benefit.  Thus, the Non-IBO Defendants have failed to meet their burden of proving that they are intended third beneficiaries with the right to compel Mr. Pokorny to arbitrate with them.

Furthermore, none of the Defendants could possibly be intended third party beneficiaries of an arbitration agreement executed by Plaintiff Blenn because no such agreement exists.  Mr. Blenn never agreed to, nor intended to, arbitrate his claims with anyone, and Defendants have not demonstrated otherwise.

## IV.   PLAINTIFFS ARE NOT BARRED BY EQUITABLE ESTOPPEL FROM LITIGATING THEIR CLAIMS

There is no merit to the Britt Defendants' assertion that equitable estoppel forces Plaintiffs to arbitrate.  As discussed in the Plaintiffs' Opposition to Defendants Puryears and World Wide's Motion to Dismiss and Compel, which is incorporated by reference, there are two factors needed for finding equitable estoppel to support a non-signatory's right to compel arbitration:  "(i) there is a close relationship between the parties and controversies involved *and* (ii) the signatory's claims against the non-signatory are 'intimately founded in and intertwined with the underlying' agreement containing the arbitration clause." *Denney v. Jenkens & Gilchrist*, 412 F. Supp. 2d 293, 297 (S.D.N.Y. 2005).

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

The Britt Defendants ignore the second prong of this test and rely on *Amisil Holdings, Ltd. v. Clarium Cap. Mgmt LLC*, No. C-06-5255, 2006 WL 3949332 (N.D. Cal. Dec. 21, 2006), to support their contention that the Plaintiffs are estopped from refusing to submit their claims to arbitration because their claims are "substantially interdependent with the conduct of a signatory." *Id.*, at *13. However, *Amisil* specifically found that all of the claims at issue there related to the agreement containing the arbitration provision, such that "each of the claims are related to the Agreement in a way that either refers to or presumes the existence of the Agreement. Absent the Operating Agreement, none of these claims would lie."[5] *Id.*, at *14. Accordingly, the *Amisil* court required that both prongs of the test be met.

As discussed in Plaintiffs' Opposition to Defendants Puryears and World Wide' Motion, the courts that have analyzed the contention that a close relationship of the parties is enough to compel arbitration have rejected it. *See, e.g.*, *In re Humana*, 285 F.3d 971, 975-76 (11th Cir. 2003), *rev'd on other grounds sub nom*, *PacifiCare Health Sys. v. Book*, 538 U.S. 401 (2003); *Denney v. Jenkens & Gilchrist*, 412 F. Supp. 2d at 297. In rejecting an argument that the close relationships alleged in a RICO claim would alone support the application of equitable estoppel, the Eleventh Circuit explained:

> The purpose of the doctrine is to prevent a plaintiff from, in effect, trying to have his cake and eat it too; that is, from rely[ing] on the contract when it works to [his] advantage [by establishing the claim], and repudiat[ing] it when it works to [his] disadvantage [by requiring arbitration]. The plaintiff's actual dependence on the underlying contract in making out the claim against the nonsignatory defendant is therefore always the sine qua non of an appropriate situation for applying equitable estoppel.

*In re Humana*, 285 F.3d at 976 (internal citations and quotations omitted). Here, the claims are not founded upon the agreements containing arbitration clauses, nor are they remotely like the

---

[5] Furthermore, the cases *Amisil* relies upon all either find claims intertwined with the agreement containing the arbitration clause or reject a finding of equitable estoppel. *Westmoreland v. Sadoux*, 299 F.3d 462, 467 (5th Cir. 2002) (finding that suit does not rely on terms of or seek to enforce agreement containing arbitration clause); *Thomson-CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 778 (2d Cir. 1995) (finding that claims intertwined with underlying contractual agreement); *Hawkins v. KPMG LLP*, 423 F. Supp. 2d 1038, 1049 (N.D. Cal. 2006) (similar).

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1   contractual claims found to be substantially interrelated in the cases that actually apply

2   equitable estoppel.  Rather, Plaintiffs are seeking to enforce their federal statutory and state

3   statutory rights, which were violated by Defendants' participation and operation of an illegal

4   pyramid scheme.  Plaintiffs do not allege any breach of contract or violation of the Registration

5   Agreement, DMA, or BSMAA.  Thus, Defendants have failed to meet both prongs of the

6   equitable estoppel test and Plaintiffs are not equitably estopped from litigating their claims

7   against them in court.

8

9                                          **CONCLUSION**

10          For the reasons stated above, the Britt Defendants' motion should be denied in its

11  entirety.

12  Dated:  April 6, 2007                    Respectfully submitted,

13                                           BOIES, SCHILLER & FLEXNER LLP

14

15                                           By:   /s/ David W. Shapiro
                                                  David W. Shapiro
16                                                Attorney for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. C 07-0201 SC    PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE BRITT DEFENDANTS' MOTION TO DISMISS AND COMPEL COMPLIANCE
WITH DISPUTE RESOLUTION AGREEMENT AND JOINDER IN DEFENDANT QUIXTAR, INC.'S MOTION RE: SAME

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA