1    CEDRIC C. CHAO (CA SBN 76045)
     WILLIAM L. STERN (CA SBN 96105)
2    JAMES M. SCHURZ (CA SBN 145874)
     MORRISON & FOERSTER LLP
3    425 Market Street
     San Francisco, California  94105-2482
4    Telephone: 415.268.7000
     Facsimile:  415.268.7522
5    E-mail:  cchao@mofo.com and wstern@mofo.com

6    JAMES R. SOBIERAJ (Pro Hac Vice)
     RALPH J. GABRIC (Pro Hac Vice)
7    JULIE L. LEICHTMAN (Pro Hac Vice)
     BRINKS HOFER GILSON & LIONE
8    455 N. Cityfront Plaza Drive
     Chicago, Illinois 60611
9    Telephone: 312.321.4200
     Facsimile:  312.321.4299
10   E-mail:  jsobieraj@usebrinks.com

11   Attorneys for Defendant
     QUIXTAR INC.
12

13                 UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15                   SAN FRANCISCO DIVISION

16

17   JEFF POKORNY AND LARRY BLENN              Case No.   C 07-00201 SC
     on behalf of themselves and those similarly
18   situated,                                 **DEFENDANT QUIXTAR INC.'S
                                                OBJECTIONS TO, AND MOTION
19                 Plaintiffs,                  TO STRIKE, DECLARATIONS
                                                OF ROBERT FITZPATRICK
20          v.                                  AND STEPHEN HAYFORD
                                                SUBMITTED BY PLAINTIFFS IN
21   QUIXTAR INC., et al.,                      OPPOSITION TO DEFENDANT'S
                                                MOTION TO DISMISS OR STAY**
22                 Defendant.
                                                Date:    April 27, 2007
23                                              Time:    10:00 a.m.
                                                Room:    1, 17th Floor
24                                              Judge:   Honorable Samuel Conti

25

26

27

28

## I.    INTRODUCTION.

Defendant Quixtar Inc. objects to, and moves to strike, the Declarations of Robert Fitzpatrick ("Fitzpatrick Declaration") and Stephen Hayford ("Hayford Declaration") filed by Plaintiffs Jeff Pokorny and Larry Blenn in opposition to Quixtar's motion to dismiss or stay and compel compliance with the dispute resolution agreement.

Mr. Hayford's testimony is especially curious.  He purports to be an expert on arbitration and offers opinions about supposed bias in the Quixtar ADR process—a process that involves arbitration before Judicial Arbitration and Mediation Services ("JAMS").  Yet, Mr. Hayford omits to mention that he himself is a JAMS mediator and arbitrator.

Expert testimony has no place in a motion to compel dispute resolution, where the only challenge raised by plaintiffs is unconscionability.  The admission of expert testimony at this juncture would convert a straightforward legal motion into a mini-trial, with the attendant burdens and costs.  Plaintiffs offer no justification for starting down this path.

Even if expert testimony were appropriate at this juncture, the declarations of plaintiffs' experts would still be defective.  Both declarations are improper attempts to tell the Court what the law is.  Mr. Fitzpatrick purports to be an expert regarding multi-level marketing businesses such as Quixtar.  His declaration presents nothing more than legal conclusions based on speculative assumptions about Quixtar's business.  These conclusions are irrelevant in any event since they address the merits of plaintiffs' claims.  Similarly, Mr. Hayford claims to be an expert on dispute resolution and offers legal conclusions that the Quixtar procedures are unconscionable.  Mr. Hayford's declaration is nothing more than a thinly veiled legal brief, full of improper testimony regarding questions of law for the Court.

The declarations are not admissible and should be stricken from the record.

## II.    THE ADMISSION OF EXPERT TESTIMONY WOULD CONVERT THIS SIMPLE MOTION INTO A MINI-TRIAL.

Expert testimony has no place in resolving Quixtar's motion.  Admission of the purported expert declarations would transform consideration of a straightforward motion into a donnybrook.  If plaintiffs' experts are admitted, Quixtar should be given leave to depose plaintiffs' experts and

1    present its own experts to rebut the baseless assertions in the declarations.  Yet this is

2    unnecessary.  The questions before the Court can and should be resolved on the papers.

3          In light of "the statutory policy of rapid and unobstructed enforcement of arbitration

4    agreements," Section 4 of the Federal Arbitration Act "call[s] for an expeditious and summary

5    hearing, with only restricted inquiry into factual issues."  *Moses H. Cone Mem'l Hosp. v. Mercury*

6    *Constr. Corp.*, 460 U.S. 1, 22-23 (1983).  Accordingly, discovery and a full trial is available *only*

7    where "the making of the arbitration agreement or the failure, neglect, or refusal to perform the

8    same" is in issue.  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting

9    9 U.S.C. § 4); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)

10   ("As with any other contract dispute, we first look to the express terms").

11         Here, plaintiffs do not deny that they entered into an agreement to resolve all of their

12   disputes through a three-step ADR process.  That is, an agreement was *made*.  Their claim is that

13   the agreement should not be *enforced*.

14         Enforceability in general, and unconscionability in particular, are not proper subjects for

15   discovery in connection with a motion to compel under the Federal Arbitration Act, 9 U.S.C. § 1

16   *et seq.  See, e.g.*, *Nagrampa v. Mailcoups, Inc.*, 469 F. 3d 1257, 1290 n.13, 1291 n.14 (9th Cir.

17   2006) (en banc) (in resolving question of unconscionability, court only considered the plaintiff's

18   complaint, the arbitration agreement, the plaintiff's bank statements, and a "franchise offering

19   circular" attached to the plaintiff's complaint); *Simula*, 175 F.3d at 726 (affirming denial of

20   discovery where the plaintiff asserted fraud in the inducement and economic duress).[1]

21         Indeed, Quixtar is aware of no reported decision in which expert testimony has been

22   permitted to assess unconscionability under a motion governed by Section 4 of the FAA.  Even in

---

23   [1] Courts in this Circuit have expressed disfavor for considering expert testimony on preliminary
     legal motions.  *See, e.g.*, *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1221 (S.D. Cal.

24   2001).  While the burden on a motion to compel arbitration has been analogized to the burden on
     summary judgment, it "is not a high one."  *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804

25   (N.D. Cal. 2004).  Even on true motions for summary judgment, "[w]hen expert opinions are not
     supported by sufficient facts, or when the indisputable record contradicts or otherwise renders the

26   opinions unreasonable, they cannot be relied upon."  *W. Parcel Express v. United Parcel Serv. of
     Am., Inc.*, 65 F. Supp. 2d 1052, 1060 (N.D. Cal. 1998) (citing *Brooke Group Ltd. v. Brown &*

27   *Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993)).

28

1   the rare instances where expert testimony has been allowed in the context of a motion to compel

2   arbitration, the testimony has been limited to questions regarding the *formation* of the agreement.

3   *See, e.g.*, *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 509 (7th Cir. 2003) (finding handwriting

4   expert may be admissible to provide opinion whether arbitration agreement was signed); *Marsh v.*

5   *First USA Bank, N.A.*, 103 F. Supp. 2d 909, 913 (N.D. Tex. 2000) (admitting expert to discuss

6   likelihood that notices containing amendment to arbitration provision were sent); *see also Dow*

7   *Corning Corp. v. Safety Nat'l Cas. Corp.*, 335 F.3d 742, 751-52 (8th Cir. 2003), *cert. denied*, 540

8   U.S. 1219 (2004) (affirming district court's order striking expert testimony regarding bias in

9   assessing validity of award under Section 10 of FAA).

10       It makes sense that courts would not consider expert testimony to determine

11   unconscionability.  Unconscionability is a question of law for the court to decide.  *See Andersons,*

12   *Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 323 (6th Cir. 1998) (applying Michigan law);

13   *PeopleSoft U.S.A., Inc. v. Softeck, Inc.*, 227 F. Supp. 2d 1116, 1120 (N.D. Cal. 2002) (applying

14   California law).

15       The Court should resolve Quixtar's motion without resort to experts.  It should strike these

16   declarations.

17   **III.**     **THE FITZPATRICK DECLARATION PROVIDES IMPROPER AND**
                 **IRRELEVANT CONCLUSIONS OF LAW ABOUT THE MERITS OF THE**

18              **DISPUTE.**

19       Even if expert testimony were appropriate at this juncture, plaintiffs' expert declarations

20   are deficient for the following reasons.

21         **A.**     **The Fitzpatrick Declaration Offers Improper Legal Testimony.**

22       Mr. Fitzpatrick's declaration parrots the unfounded legal conclusions in plaintiffs'

23   Complaint that Quixtar's business is a "pyramid sales scheme" operated through "Quixtar and the

24   related Kingpin 'tools' business."  (Fitzpatrick Decl., ¶ 6.)  Mr. Fitzpatrick fails to articulate the

25   basis for his statistical sampling.  (*Id*. at ¶ 7.)  He also lays no foundation for his assertions about

26   the success of Quixtar's independent business operators.  (*Id*. at ¶¶ 8-9.)  Nevertheless, relying on

27

28

Defendant Quixtar Inc.'s Motion to Strike Fitzpatrick and Hayford Declarations
C 07-00201 SC
sf-2298089
      3

1   his non-existent authority and data, he "characterize[s] the business models of both organizations

2   as pyramid sales schemes that are inherently deceptive, unfair and harmful."  (*Id.* at ¶ 6.) [2]

3        Mr. Fitzpatrick's legal "characterization" is improper testimony from an expert.  The

4   Ninth Circuit has "condemned the practice of attempting to introduce law as evidence."  *G.F.*

5   *Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1507 n.6 (9th Cir. 1994) (internal citation

6   omitted).  Expert testimony as to "matters of law for the court's determination" is "inappropriate"

7   and "utterly unhelpful."  *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 447

8   (9th Cir. 1992).

9        Accordingly, courts in this circuit routinely strike expert declarations such as Mr.

10  Fitzpatrick's, which draw conclusions about the legality of a defendant's business practices.  *See,*

11  *e.g.*, *United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999) (finding expert

12  declaration "regarding the legality of Parsons' accounting practices" improper); *In re McKesson*

13  *HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1246-47 (N.D. Cal. 2000) ("three declarations from

14  law professors opining on the ethical propriety of the various solicitation tactics that the firm

15  employed, a purely legal question.  These declarations offer few facts or any admissible expert

16  opinions, instead proffering various and sundry conclusions of law").

17

18

19

20        [2] The Fitzpatrick Declaration is thus an improper evasion of Federal Rule of Civil
     Procedure 26(a)(2), which requires *inter alia*, disclosure:

21

22               of all opinions to be expressed and the basis and reasons therefor;
                 the data or other information considered by the witness in forming
23               the opinions; any exhibits to be used as a summary of or support for
                 the opinions; the qualifications of the witness, including a list of all
24               publications authored by the witness within the preceding ten years;
                 the compensation to be paid for the study and testimony; and a
25               listing of any other cases in which the witness has testified as an
                 expert at trial or by deposition within the preceding four years.

26  Mr. Fitzpatrick has not disclosed any of this information.  *See also* N.D. Cal. Civil L.R. 7-5 ("An
     affidavit or declarations may contain only facts, must conform as much as possible to the
27  requirements of FRCivP 56(e), *and must avoid conclusions and argument*") (emphasis added).

28

**B.    The Fitzpatrick Declaration Offers Irrelevant Testimony About the Merits.**

Beyond this defect, Mr. Fitzpatrick's declaration is irrelevant to the sole question before the Court:  whether plaintiffs must comply with the Quixtar dispute resolution procedures to which they agreed.  Mr. Fitzpatrick's testimony pertains only to the merits of the claims in plaintiffs' Complaint, not to the enforceability of the dispute resolution agreement.

In deciding whether to compel dispute resolution, a court's "role is strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator."  *Chiron*, 207 F.3d at 1131 (quoting *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991)).  This rule of avoiding the merits follows from the federal policy that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Ibid*. (quoting *Moses H. Cone*, 460 U.S. at 24-25).  Accordingly, Mr. Fitzpatrick's testimony that Quixtar operates an illegal scheme, in addition to being baseless, is irrelevant and hence inadmissible.  Fed. R. Civ. Proc. 402.

**IV.    MR. HAYFORD, HIMSELF A JAMS MEDIATOR, OFFERS INAPPROPRIATE LEGAL CONCLUSIONS ABOUT THE UNCONSCIONABILITY OF QUIXTAR'S ADR PROCESS.**

Mr. Hayford's declaration is worse.  He sets forth credentials that purportedly attest to his expertise in arbitration law and alternative dispute resolution.  (Hayford Decl., ¶¶ 2-3.)  Yet, Mr. Hayford neglects to mention that he is a mediator and arbitrator employed by JAMS, the very organization Quixtar uses, and he criticizes,  for IBO arbitrations.[3]  This is a curious omission, given that Mr. Hayford otherwise offers a detailed curriculum vitae and devotes nine paragraphs opining about the unfairness of Quixtar's arbitration process in is use of JAMS.  (*Id*. at ¶¶ 19-28.)

Mr. Hayford's credentials aside, he is not competent to offer legal opinions about the fairness Quixtar's ADR processes.  His declaration reads like a legal brief, even down to headings

---

[3] Attached hereto as Exhibit 1, is Mr. Hayford's résumé, printed from the JAMS website, *available at*, www.jamsadr.com/neutrals/Bio.asp?NeutralID=1654.

1    and subheadings.  The following is a non-exhaustive list of some of the legal argument Mr.

2    Hayford offers:

3         • Based on his unfounded and inaccurate "assumptions" (Hayford Decl., ¶¶ 6-10),

4             Mr. Hayford tells the Court that "the Quixtar DRP is procedurally

5             unconscionable."  (*Id.* at ¶ 11.)

6         • Mr. Hayford concludes that Quixtar's arbitration process, using Mr. Hayford's

7             own organization JAMS, "deprives those IBOs of a full and fair opportunity to

8             have their disputes with the Corporation decided."  (*Id.* at ¶ 28.)

9         • Similarly, Mr. Hayford states that "[t]he Formal Conciliation step of the DRP,

10            which is not imposed on Quixtar but only upon IBOs is not only unconscionable

11            but is futile."  (*Id.* at ¶ 38.)

12        • Summarizing his testimony, Mr. Hayford concludes that Quixtar's dispute

13            resolution process is "clearly unconscionable."  (*Id.* at ¶¶ 51-52.)

14           This is improper expert testimony.  *See Pan Ocean Shipping*, 23 F.3d at 1507 n.6 (expert

15    declarations improper where "written in the form of a legal document, complete with subdivisions

16    for discussion of the issues, the law, and the conclusions").  As noted above, under both Michigan

17    and California law, unconscionability is a question of law for the Court to decide.  *See Andersons*,

18    166 F.3d at 323; *PeopleSoft*, 227 F. Supp. 2d at 1120.  Accordingly, Mr. Hayford's legal

19    conclusions regarding unconscionability are "inappropriate" and "utterly unhelpful."  *Aguilar*,

20    966 F.2d at 447.

21           Mr. Hayford's declaration suffers from the same deficiencies identified in *Dow Corning*,

22    *supra*.  Dow Corning sought to vacate an award rendered in non-binding arbitration with Dow

23    Corning's insurer, because of the neutral umpire's purported partiality.  *Dow Corning*, 335 F.3d

24    at 749.[4]  Dow Corning claimed that the umpire's ex parte contacts with the insurer's counsel

25    evidenced such partiality.  *Id*. at 751.  In support of its argument, Dow Corning "offered affidavit

---

26    [4] The court preliminarily determined that the award was the result of non-binding arbitration
      required as a condition precedent to further litigation, and that such non-binding arbitration fell
27    within the parameters of the Federal Arbitration Act.  *Dow Corning*, 335 F.3d at 746-47.

28

1    evidence from a former judge and noted arbitration expert opining that the ex parte contacts were

2    prejudicial and violated both the prevailing ethical rules and the panel's own prohibition." *Id*. at

3    751.  The district court struck the declaration "on the ground that it expressed opinions on

4    questions of law that were for the court to decide."  *Ibid*.  In affirming, the Eighth Circuit found

5    no error in the district court's refusal to "consider legal opinions that 'attempt to tell the court

6    what result to reach.'"  *Id*. at 752 (quoting district court).  The same reasoning warrants striking

7    Mr. Hayford's declaration.

8        **V.    CONCLUSION.**

9        For the foregoing reasons, the Court should strike the declarations of Robert Fitzpatrick

10   and Stephen Hayford.

11

12   Dated: April 13, 2007                      BRINKS HOFER GILSON & LIONE

13                                              MORRISON & FOERSTER LLP

14

15                                              By:     /s/ William L. Stern

16                                                      William L. Stern
                                                   Attorney for Defendant QUIXTAR INC.

17

18

19

20

21

22

23

24

25

26

27

28