Stuart H. Singer, Esq. (*Pro Hac Vice*)
Carlos M. Sires, Esq. (*Pro Hac Vice*)
Sigrid S. McCawley, Esq. (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail: ssinger@bsfllp.com
E-mail: csires@bsfllp.com
E-mail: smccawley@bsfllp.com

*Additional attorneys on following page*

Attorneys for Plaintiffs Jeff Pokorny and Larry Blenn

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Jeff Pokorny and Larry Blenn on behalf of themselves and those similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>Quixtar, Inc., et al,<br><br>            Defendants. | **CASE NO. C 07-0201 SC**<br><br>**PLAINTIFFS' REPLY TO DEFENDANT QUIXTAR'S COUNTERCLAIMS**<br><br>CLASS ACTION<br><br>Judge: Honorable Samuel Conti |

Additional counsel:

David Boies, Esq. (Pro Hac Vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
E-mail: dboies@bsfllp.com

David W. Shapiro, Esq.
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, California 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
E-mail: dshapiro@bsfllp.com

Willie E. Gary, Esq. (*Pro Hac Vice*)
Maria Sperando, Esq. (*Pro Hac Vice*)
Mary Diaz, Esq. (*Pro Hac Vice*)
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, MCMANUS, WATSON &
SPERANDO
221 East Osceola Street
Stuart, Florida 34994
Telephone: (772) 283-8260
Facsimile: (772) 220-3343
E-mail: weg@williegary.com
E-mail: mps@williegary.com
E-mail: mad@williegary.com

**PLAINTIFFS' REPLY TO DEFENDANT QUIXTAR'S COUNTERCLAIMS**

Plaintiffs Jeff Pokorny and Larry Blenn ("Plaintiffs"), individually and as class representatives, Reply to the Counterclaims (Doc. 55) filed by Defendant Quixtar, Inc. ("Quixtar"), as follows, and incorporate by reference the arguments expressed in Plaintiffs' Opposition to Quixtar's Motion to Dismiss or Stay and Compel Compliance with Dispute Resolution Agreement:

**ANSWER**

1. Plaintiffs admit the allegations in paragraph 1.

2. Plaintiff Pokorny admits the allegations in paragraph 2.

3. Plaintiff Blenn denies that he resides in Escalon, California, but admits that he resides in Stanislaus County, California.

4. Plaintiffs admit the allegations in paragraph 4.

5. Plaintiffs admit the allegations in paragraph 5.

6. Plaintiffs admit the allegations in paragraph 6 that Quixtar's Rules of Conduct set forth a multi-tiered dispute resolution process consisting of (1) purported informal conciliation, (2) purported formal conciliation, and (3) purported binding arbitration, but deny the remaining allegations in paragraph 6 and specifically allege that Quixtar's dispute resolution procedure is inapplicable because Quixtar's dispute resolution procedure is designed and directed at enforcing the IBO Plan and Rules of Conduct ("Rules") and is not designed to handle claims such as Plaintiffs', which assert that the Quixtar business is an illegal pyramid scheme. Plaintiffs also specifically allege that Quixtar's dispute resolution process is futile for the Plaintiff Class and unenforceable because it is procedurally and substantively unconscionable.

7. Plaintiff Pokorny denies the allegations in paragraph 7.

8. Plaintiff Blenn denies the allegations in paragraph 8.

9. The allegations in the first sentence of paragraph 9 are legal conclusions that do not require a response, and if a response is required, Plaintiffs deny the allegations in the first sentence of paragraph 9. Plaintiffs deny the remaining allegations in paragraph 9.

**First Counterclaim**
**(Specific Performance)**

10. Plaintiffs reallege and incorporate their responses to paragraphs 1 through 9 of the Counterclaims.

11. Plaintiffs deny the allegations in paragraph 11 and assert that the Quixtar conciliation and arbitration provisions are inapplicable because the dispute resolution procedure is designed and directed at enforcing the Rules, and it is not designed to handle claims such as Plaintiffs', which assert that the Quixtar business is an illegal pyramid scheme. Plaintiffs also assert that Quixtar's conciliation and arbitration provisions are futile, procedurally and substantively unconscionable, and thus unenforceable.

12. Plaintiffs deny the allegations in paragraph 12.

13. Plaintiffs admit, in response to paragraph 13, that they did not notify Quixtar of their claims prior to filing their complaint because Quixtar's conciliation and arbitration process is inapplicable, because the dispute resolution procedure is designed and directed at enforcing the Rules, and it is not designed to handle claims such as Plaintiffs', which assert that the Quixtar business is an illegal pyramid scheme. Plaintiffs also assert that Quixtar's conciliation and arbitration provisions are futile, procedurally and substantively unconscionable, and thus unenforceable. Plaintiff Blenn further denies that there is any agreement containing an arbitration provision between Quixtar and him.

14.     Plaintiffs admit, in response to paragraph 14, that they did not notify the non-Quixtar Defendants of their claims prior to filing their complaint but assert that Quixtar's conciliation and arbitration process, which is set forth in the Rules of Conduct referenced to in the Quixtar Registration Agreement, is inapplicable because the dispute resolution procedure is designed and directed at enforcing the Rules, and it is not designed to handle claims such as Plaintiffs', which assert that the Quixtar business is an illegal pyramid scheme.  Plaintiffs also assert that Quixtar's conciliation and arbitration provisions are futile and unconscionable. Plaintiff Blenn denies that there is any binding agreement containing an arbitration provision between the Defendants and him.

15.     Plaintiffs admit, in response to paragraph 15, that they have refused to submit their claims to Quixtar's inapplicable, futile and unconscionable conciliation and arbitration process.

16.     The allegations in paragraph 16 are legal conclusions that do not require a response, but to the extent an answer is required, Plaintiffs deny these allegations.

**Second Counterclaim**
**(Declaratory Judgment That Pokorny and Blenn Are**
**Required to Comply with the Quixtar ADR Agreement)**

17.     Plaintiffs reallege and incorporate their responses to paragraph 1 through 16 above.

18.     The allegations in paragraph 18 are legal conclusions that do not require a response, but to the extent an answer is required, Plaintiffs deny these allegations.

19.     Plaintiffs admit, in response to paragraph 19, that Quixtar is seeking declaratory relief but deny that any such relief should be granted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The entire conciliation process is expressly designed and directed at enforcing the IBO Plan and the Rules of Conduct and is intended to encourage "voluntary compliance with the Rules," (Rules of Conduct 11.3), not to hear claims such as Plaintiffs', which challenge the legality of those very rules. It is expressly required that "any resolutions, remedies and sanctions recommended by the Hearing Panel or the IBOA International board should promote and further the goal of compliance and must be consistent with the IBO Plan and the Rules of Conduct." (Rules of Conduct 11.4.) Here, Plaintiffs do not seek compliance with or interpretation of the Rules, and instead they allege that these Rules are part of the pyramid scheme which is unlawful. Accordingly, by their terms, Quixtar's dispute resolution procedures are inapplicable to this dispute.

### SECOND AFFIRMATIVE DEFENSE

Quxitar's Counterclaims fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Quixtar conciliation and arbitration clauses are unenforceable because they are procedurally and substantively unconscionable.

### FOURTH AFFIRMATIVE DEFENSE

The Quixtar conciliation and arbitration process is futile and thus unenforceable.

### FIFTH AFFIRMATIVE DEFENSE

Quixtar's Counterclaims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Quixtar lacked good faith in creating its non-mutual, inapplicable, futile, and otherwise unconscionable arbitration and conciliation procedures.

**SEVENTH AFFIRMATIVE DEFENSE**

The conciliation and arbitration clauses are void as contracts of adhesion.

**EIGHTH AFFIRMATIVE DEFENSE**

Quixtar is collaterally estopped from claiming its conciliation and arbitration clauses are enforceable.

**NINTH AFFIRMATIVE DEFENSE**

The conciliation and arbitration clauses are void for a lack of consideration.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff Blenn is not a party to any agreement for which Quixtar can seek the declaratory relief requested.

**WHEREFORE**, Plaintiffs demand a jury trial and ask this Court to enter judgment as follows:

  A. That the Court enter an order that Quixtar's conciliation and arbitration clauses are unconscionable and thus unenforceable;

  B. That the Court enter judgment in favor of Plaintiffs;

  C. That the Court deny Defendant Quixtar's request for declaratory judgment and attorney's fees and costs; and

  D. For such other relief as this Court deems just and proper.

Dated: April 6, 2007        Respectfully submitted,

                BOIES, SCHILLER & FLEXNER LLP


                By:  /s/ Sigrid S. McCawley
                   Sigrid S. McCawley
                   Attorney for Plaintiffs