CEDRIC C. CHAO (CA SBN 76045)
WILLIAM L. STERN (CA SBN 96105)
JAMES M. SCHURZ (CA SBN 145874)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
E-mail: cchao@mofo.com
E-mail: wstern@mofo.com

JAMES R. SOBIERAJ *(Pro Hac Vice)*
RALPH J. GABRIC *(Pro Hac Vice)*
JULIE L. LEICHTMAN *(Pro Hac Vice)*
BRINKS HOFER GILSON & LIONE
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: 312.321.4200
Facsimile: 312.321.4299
E-mail: jsobieraj@usebrinks.com

Attorneys for Defendant
QUIXTAR INC.

DAVID W. SHAPIRO (CA SBN 219265)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, California 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
E-mail: dshapiro@bsfllp.com

Attorneys for Plaintiffs
JEFF POKORNY and LARRY BLENN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JEFF POKORNY AND LARRY BLENN on behalf of themselves and those similarly situated,

Plaintiffs,

v.

QUIXTAR INC., *et al.*,

Defendants.

**CASE NO.C 07-00201 SC**

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

**(LOCAL RULE 16-9)**

Date: April 27, 2007
Time: 10:00 a.m.
Court: 1, 17th Floor
Judge: Honorable Samuel Conti

*Additional counsel for Defendants James Ron Puryear, Georgia Lee Puryear, World Wide Group, L.L.C.:*

C. Matthew Andersen (*Pro Hac Vice*)
WINSTON & CASHATT
1900 Bank of America Bldg.
601 W. Riverside
Spokane, WA 99201
Telephone: 509.838.6131, 800.332.0534
Facsimile: 509.838.1416
Email: cma@winstoncashatt.com

Donald W. Carlson (CA SBN 79258)
Edward F. Donohue (CA SBN 112730)
CARLSON, CALLADINE & PETERSON, LLP
353 Sacramento Street, 16th floor
San Francisco, CA 94111
Telephone: 415.391.3911
Facsimile: 415.391.3898
Email: dcarlson@ccplaw.com
Email: edonohue@ccplaw.com

*Additional counsel for Defendants World Wide Group, L.L.C., American Multimedia Inc., Britt Management, Inc., Bill Britt, Peggy Britt*

J. William Blue, Jr. (*Pro Hac Vice*)
NORTHEN BLUE, L.L.P.
1414 Raleigh Road, Suite 435
The Exchange At Meadowmont
Chapel Hill, NC 27517
Telephone: 919.968.4441
Facsimile: 919.942.6603
Email: jwb@nbfirm.com

Benjamin K. Riley (CA SBN 112007)
Helen C. MacLeod (CA SBN 206618)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: 415-848-4900
Facsimile: 415-848-4999
Email: rileyb@howrey.com

*Additional counsel for Plaintiffs Jeff Pokorny and Larry Blenn:*

David Boies, Esq. (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
E-mail: dboies@bsfllp.com

Stuart H. Singer, Esq. (*Pro Hac Vice*)
Carlos M. Sires, Esq. (*Pro Hac Vice*)
Sigrid S. McCawley, Esq. (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail: ssinger@bsfllp.com
E-mail: csires@bsfllp.com
E-mail: smccawley@bsfllp.com

Willie E. Gary, Esq. (*Pro Hac Vice*)
Maria Sperando, Esq. (*Pro Hac Vice*)
Mary Diaz, Esq. (*Pro Hac Vice*)
GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, MCMANUS, WATSON & SPERANDO
221 East Osceola Street
Stuart, Florida 34994
Telephone: (772) 283-8260
Facsimile: (772) 220-3343
E-mail: weg@williegary.com
E-mail: mps@williegary.com
E-mail: mad@williegary.com

Plaintiffs Jeff Pokorny and Larry Blenn on behalf of themselves and those similarly situated and Defendants Quixtar Inc., James Ron Puryear Jr., Georgia Lee Puryear, World Wide Group, L.L.C., Britt Worldwide L.L.C., American Multimedia Inc., Britt Management, Inc., Bill Britt and Peggy Britt submit the following Joint Case Management Statement pursuant to Local Rule 16-9:

1. **Jurisdiction and Service**.

Plaintiffs Pokorny and Blenn assert claims pursuant to the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. This Court, therefore, has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiffs Pokorny and Blenn assert state law claims under the California Business and Professions Code and allege that this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. All Defendants have been properly served with process. Plaintiffs assert venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 18 U.S.C. § 1965(a) and (b). Defendants Ron and Georgia Lee Puryear and World Wide Group, LLC reserve the right to assert personal jurisdiction and venue over them is improper in this Court due to agreements between the parties, which will be the subject of further pleading as necessary. The remaining Defendants do not contest that venue is proper in this district as to Plaintiffs' First Claim for Relief. Defendants assert that venue is not properly laid in this Court as to the remaining claims for relief inasmuch as Plaintiffs contractually agreed to resolve any dispute with Defendants through the Quixtar ADR process.

2. **Facts.**

***Plaintiffs' position***. Plaintiffs are victims of an illegal pyramid scheme operated and controlled by the Defendants. Plaintiffs therefore seek damages and injunctive relief for themselves and all similarly situated individuals. Plaintiffs were recruited to join the illegal pyramid scheme by becoming Quixtar distributors and to purchase Quixtar's products and related "tools and functions" materials sold by the Defendants. Rather than a legitimate multi-level sales organization, which focuses on sales to retail customers, the Defendants' scheme victimized "distributors" because it is focused on recruitment and not retail sales. Contrary to Defendants' assertion, Quixtar violates or ignores the rules cited by the Federal Trade Commission as the basis

for its 1979 decision that Amway (Quixtar's predecessor) was not a pyramid scheme. Count One of the Complaint addresses the veritable gauntlet of conciliation and arbitration steps that Quixtar seeks to impose, and alleges that these are unenforceable as inapplicable, futile and unconscionable.

***Defendants' position***. Plaintiffs Pokorny and Blenn each agreed, on multiple occasions, to resolve all of the claims they assert in this action through alternative dispute resolution. On March 5, 2007, the Defendants filed separate, respective Motions to Dismiss or Stay and Compel Compliance with Dispute Resolution Agreement. This Court should decide these motions as a threshold matter. As to Plaintiffs' factual contention that Defendants are engaged in an unlawful "pyramid" scheme, the Federal Trade Commission (FTC) explicitly rejected this claim. After an exhaustive four-year investigation and trial, that FTC held "[t]he Amway Sales and Marketing Plan is not a pyramid plan." *In the Matter of Amway Corp.*, 93 F.T.C. 618, 706 (1979). Indeed, the key attributes of Quixtar's business model that Plaintiffs Pokorny and Blenn now cite as indicia of a "pyramid" scheme are the very things the FTC investigated and found lawful. *Id*. at 711. In any event, Defendants' position on the facts will be developed in the Quixtar dispute resolution process as required by the parties' agreements.

3. **Legal issues.**

Plaintiffs' Complaint frames the following disputed points of law: (1) whether Quixtar's arbitration provision is inapplicable, futile and procedurally and substantively unconscionable; (2) whether the Defendants constitute an "enterprise" as defined in 18 U.S.C. § 1961; (3) whether Defendants conducted the alleged racketeering activity through a "pattern"; (4) whether Defendants are distinct from the alleged "enterprise"; (5) whether the pattern of alleged racketeering activity is distinct from the alleged "enterprise"; (6) more generally, whether Plaintiffs meet the statutory and common law requirements for a claim under RICO, 18 U.S.C. §§ 1961-1968; (7) whether Plaintiffs have pled a pattern of racketeering activity with particularity consistent with Rule 9(b); (8) whether Defendants are engaged in an illegal pyramid scheme or "endless chain" as defined under California Penal Code § 327; (9) whether Defendants are engaged in unfair or fraudulent business acts or practices and unfair, deceptive, untrue and

misleading advertising within the meaning of California Business and Professions Code § 17200; (10) whether Defendants' business practices are "unlawful" "unfair" or "fraudulent" under Business and Professions Code § 17200; (11) whether Defendants' acts, advertisements, and alleged omissions constitute unfair trade practices and false advertising in violation of California Business and Professions Code § 17500; and (12) whether this action may be brought by Plaintiffs as a class action under Federal Rules of Civil Procedure 23.

Defendant Quixtar's Counterclaim raises two narrow legal issues: (1) whether the conciliation procedure in the Quixtar dispute resolution provision creates a condition precedent that has not been satisfied, and (2) whether the Quixtar dispute resolution provision is valid and enforceable under Title 9, United States Code, Section 2 of the Federal Arbitration Act. Defendants contend that these are the only legal issues properly before this Court. *Nagrampa v. Mailcoups, Inc.*, 469 F. 3d 1257 (9th Cir. 2006).

4. **Motions.**

Defendants have filed Motions to Dismiss or Stay and Compel Compliance with Dispute Resolution Agreement, to be heard on April 27, 2007. Defendants submit that until such time as these threshold motions are heard, it is premature to evaluate whether there will be further motion practice before this Court. Plaintiffs submit that these Motions can and should be denied based on the undisputed facts concerning the operation of the dispute resolution provisions at issue. In the alternative, Plaintiffs submit that these Motions should be deferred until discovery is conducted with respect to the enforceability of conciliation and arbitration process, which are the subject of Count One of Plaintiffs' Complaint and the Quixtar Counterclaims.

If Defendants prevail on the pending motions to compel arbitration and the Court stays or dismisses this case, there will be no further activity in this Court at this time. Defendants propose that, if they do not prevail on their motions, the parties return to this Court within 60 days of this Court's ruling on the motion for a further status conference. Plaintiffs believe the Court should set a pre-trial schedule at this time, and attach hereto a proposed schedule that provides for a threshold litigation of the motion to compel arbitration and for the subsequent merits litigation of the claims. Plaintiffs anticipate moving for class certification as set forth below and for summary

judgment at the appropriate time. Defendants do not believe a schedule is necessary at this time due to the pending motions to compel arbitration, but have joined with Plaintiffs in offering a Proposed Case Schedule in the event this Court elects to set a schedule. (*See* attached, Exhibit A.) If this Court denies Defendants' Motions to Dismiss or Stay and Compel Compliance with Dispute Resolution Agreement, Defendants anticipate moving to dismiss under Rule 12 and moving for summary judgment.

5. **Amendment of Pleadings.**

***Plaintiffs' position***. Plaintiffs do not currently expect to amend to add parties or claims. However, they reserve their right to do so as discovery progresses and propose that the deadline for amendment of pleadings to add parties or claims be December 31, 2007.

***Defendants' position***. Defendant Quixtar filed its Answer and Counterclaim on March 22, 2007. The other Defendants have not yet answered. All Defendants joined defendant Quixtar's pending Motion to Dismiss or Stay and Compel Compliance with Dispute Resolution Procedure on March 5, 2007. Until such time as these threshold motions are heard, it is premature to evaluate whether any amendment of answers, or defenses are expected.

6. **Evidence Preservation.**

***Plaintiffs' position***. Plaintiffs have taken the following steps to preserve evidence: The Plaintiffs have collected all hard copy and electronic documents within their possession, custody and control and have provided those original documents to counsel of record. In addition, the Plaintiffs have been instructed to preserve all computer hardware and other electronic means used in communicating with the Defendants.

***Defendants' position***. Defendants Quixtar, Britt Worldwide, L.L.C., American Multimedia Inc., Britt Management, Inc., Bill and Peggy Britt, World Wide Group LLC, and Ron and Georgia Lee Puryear have taken steps to preserve evidence reasonably related to issues reasonably evident in this action, including the preservation of electronically recorded material and the suspension of any document destruction or electronic erasure programs.

7. **Disclosures.**

***Plaintiffs' position***. Plaintiffs will comply with the disclosure requirements of Rule 26 on May 14, 2007. Plaintiffs disagree with Defendants' position that "disclosures are premature." With respect to discovery, Plaintiffs' position is set forth under Item No. 8 below.

***Defendants' position***. Disclosures are premature in view of the pending Motions to Dismiss or Stay and Compel Compliance with Dispute Resolution Agreement. Discovery is permitted under the Federal Arbitration Act only to discern whether there was an agreement at all—*not* whether the agreement is unconscionable. Accordingly, Defendants submit that they are not subject to the disclosure obligations of this Court until such time as this Court determines, as a threshold matter, that the matter will be heard in this Court and that the Quixtar dispute resolution process is both procedurally and substantively unconscionable.

8. **Discovery.**

***Plaintiffs' position***. There has been no discovery taken to date. While Plaintiffs have provided in the attached proposed schedule that merits and expert discovery should only commence after a denial of Defendants' motion to dismiss, Plaintiffs disagree with Defendants' assertion that the only discovery permissible prior to the resolution of their motions to compel arbitration is as to whether an arbitration agreement exists and not as to whether any such agreement is unconscionable. Issues as to the validity of an arbitration provision itself are to be decided by the court and discovery relevant to whether the arbitration provision is unconscionable is appropriate in response to the motion to compel arbitration, as well as to Count One of Plaintiffs' Complaint and the Quixtar Counterclaim. Courts have also allowed discovery concerning the nature of an ADR process and Defendants have raised factual issues that estop them from opposing discovery on the issue of the arbitration provision. Specifically, Quixtar asserts that its conciliation process has a "success rate of 80%." (Quixtar reply at 1.) Plaintiffs are also entitled to discovery regarding Defendants' other assertions that its conciliation process is applicable to claims that challenge the legality of the very Plan and Rules of Conduct that the conciliation process is expressly directed to enforce. As Defendants concede, plaintiff Blenn is entitled to discovery on the issue of whether he entered into an arbitration agreement at all

***Defendants' position***. Defendants submit that no discovery should proceed prior to the Court's determination of the Motions to Dismiss or Stay and Compel Compliance with Dispute Resolution Agreement. Discovery is permitted under the Federal Arbitration Act only to discern whether there was an agreement at all —*not* whether the agreement is unconscionable.

9. **Class Action.**

***Plaintiffs' position***. Plaintiffs intend to file their motion to certify a class immediately, after a period of discovery relating to class certification issues. Plaintiffs agree that the class certification discovery and briefing should await ruling on Defendants' motions to compel arbitration.

In accordance with Local Rule 16-9 Plaintiffs further provide as follows:

Plaintiffs contend that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(a) and 23(b) (1) and (3). Plaintiffs seek relief on behalf of themselves and a nationwide class of all persons who were Quixtar distributors from January 2003 until the present and who were injured as a result of Defendants' illegal pyramid scheme (the "class"). Excluded from the class are the Defendants, their employees, family members and affiliates. Plaintiffs also seek relief on behalf of a subclass from the California state law claims, which includes all persons who are members of the class and who were or are Quixtar distributors resident in California (the "subclass"). The members of the class and the subclass number in the thousands and joinder of all Class members in a single action is impracticable. There are questions of law and/or fact common to the class and subclass, including but not limited to:

(a) Whether Defendants were operating an unlawful pyramid scheme;

(b) Whether distributors paid money to Defendants in exchange for (1) the right to sell a product and (2) the right to receive, in return for recruiting others in to the program, rewards which were unrelated to the sale of the product to retail consumers;

(c) Whether distributors were required to make an investment into the pyramid scheme;

(d) Whether Defendants enforced the 70% rule;

(e) Whether Defendants enforced the buy-back rule;

  (f) Whether Defendants enforced the ten customer rule;

  (g) Whether Defendants' conduct constitutes an "Endless Chain" under the California Penal Code;

  (h) Whether Defendants omitted to inform Plaintiffs and the plaintiff class that they were entering into an illegal pyramid scheme where the overwhelming majority of participants lose money;

  (i) Whether Defendants engaged in acts of mail and/or wire fraud in direct violation of RICO;

  (j) Whether and to what extent the conduct has caused injury to the plaintiff and the plaintiff class;

  (k) Whether Defendants' conduct constitutes an unlawful, unfair and fraudulent business practice under the California Business and Professions Code; and

  (l) Whether Defendants' conduct constitutes false advertising under the California Business and Professions Code.

  These and other questions of law and/or fact are common to the class and the subclass, and predominate over any question affecting only individual class members. The Plaintiffs' claims are typical of the claims of the class and the subclass in that Plaintiffs were distributors for Quixtar and lost money as a result of the pyramid scheme. The Plaintiffs will fairly and adequately represent the interests of the class and the subclass in that Plaintiffs' claims are typical of those of the class and Plaintiffs' interests are fully aligned with those of the class. The Plaintiffs have retained counsel who is experienced and skilled in complex class action litigation. Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender. The Plaintiffs know of no difficulty likely to be encountered in the management of this action that would preclude its maintenance as a class action.

Plaintiffs contend that to the extent there is a disagreement as to the scope of class discovery, that issue will be decided on the motions raised at the appropriate time.

***Defendants' position***. Defendants deny the averments of the Complaint allege a sufficient basis for a class action. Defendants believe that until the Court rules on the pending Motions to Dismiss or Stay and Compel Compliance with Dispute Resolution Agreement, it is premature to address the procedure for addressing Plaintiffs' request for certification of a class. The proposed case schedules that are attached, which contemplate a bifurcation between merits and class discovery, assume a relatively limited scope as to the class issues and further assume that the parties have reached a common understanding about scope. For example, Defendants contend that discovery as to many of these categories is wholly inappropriate for class certification. But there is a trade-off between scope and time. If it should happen that the parties cannot agree and that the scope gets broadened substantially, Defendants reserve the right to seek relief from the Court so as to modify the schedule.

10. **Related Cases.**

***Plaintiffs' position***. Not applicable.

***Defendants' position***. Not applicable.

11. **Relief.**

Plaintiffs' Complaint seeks the following relief: (1) judgment declaring Quixtar's arbitration provision unconscionable and unenforceable; (2) certification of an appropriate class or classes of Plaintiffs; (3) a jury trial and judgment against Defendants; (4) damages in an amount of the named Plaintiffs' and the class' injury as a result of Defendants' conduct and for injury to their business and property, all as a result of Defendants' violations of § 1964(a), (c) and (d) and that such sum be trebled in accordance with 18 U.S.C. § 1964(c); (5) restitution and disgorgement of monies, pursuant to the California Business and Professions Code; (6) the cost of suit including reasonable attorney fees in accordance with 18 U.S.C. § 1964(c); (7) general compensatory and exemplary damages in an amount yet to be ascertained; and (8) such other damages, relief, and pre- and post-judgment interest as the Court may deem just and proper.

Defendant Quixtar's Counterclaim seeks the following relief: (1) an order declaring that Pokorny and Blenn are bound by the terms of the Quixtar registration agreement, that the Quixtar agreement is enforceable by Quixtar against Pokorny and Blenn, and that Pokorny and Blenn must comply with the Quixtar arbitration process pursuant to section 4 of the Federal Arbitration Act; (2) an order dismissing Plaintiffs' case or, in the alternative, staying proceedings in the case pending the outcome of conciliation or arbitration; (3) a judgment declaring that the Quixtar ADR Agreement is valid and enforceable against Plaintiffs; and (4) an order awarding Quixtar its costs and attorneys' fees necessitated by Plaintiffs' refusal to participate in conciliation or arbitration, together with any other relief this Court deems equitable and just.

12. **Settlement and ADR.**

The parties have filed their ADR Certification Forms pursuant to Local Rule 16-8(b). As the parties are unable to agree on the need for or form of Court-sponsored ADR, the parties have requested an ADR Telephone Conference pursuant to Local Rule 16-8(c)(2), which will occur on a date to be set by the Court's ADR Unit.

***Plaintiffs' position***. Plaintiffs deny that they have agreed to the ADR process urged by defendants, that the ADR process imposed by the Defendants on some of the plaintiff class is consistent with the ADR envisioned by this Court as fair and neutral, and that the ADR process urged by the Defendants is legal. Plaintiffs will agree to the following ADR process: Mediation in accordance with Local ADR Rule 6-1.

***Defendants' position***. The parties have contractually agreed to an ADR process, that Defendants are willing to follow, but that Plaintiffs have ignored.

13. **Consent to Magistrate Judge for All Purposes**.

On February 8, 2007, defendant Quixtar timely filed a declination to proceed with a Magistrate Judge. On February 9, 2007, Plaintiffs timely filed their consent to proceed with a Magistrate Judge.

14. **Other References.**

***Plaintiffs' position***. This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

***Defendants' position***. This case is suitable for, and subject to, conciliation and, if necessary, binding arbitration under the Quixtar ADR Agreement.

15. **Narrowing of Issues.**

***Plaintiffs' position***. Plaintiffs agree that the Court should at the threshold resolve the motions to compel arbitration, after allowing discovery on the issues raised by the motions if it determines it cannot deny the motions on the parties' submissions. Because Defendants are of the view that proceedings other than those related to their motions to dismiss are premature, the parties can address ways to narrow the issues after the motions are resolved.

***Defendants' position***. This Court is asked to decide as a threshold matter the pending motions to dismiss. Defendants ask the Court to hold that the Quixtar conciliation process establishes a condition precedent that must be satisfied before Plaintiffs can proceed, and to either dismiss the Complaint or, if the Court were to find the conciliation procedure unenforceable, compel Plaintiffs to comply with the Quixtar arbitration process. The Court should stay all further litigation pending the outcome of conciliation and arbitration.

16. **Expedited Schedule.**

***Plaintiffs' position***. At this time, Plaintiffs do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures, but may wish to request that the Court consider such procedures in the future.

***Defendants' position***. Subject to this Court's determination of the Motions to Dismiss or Stay and Compel Compliance with Dispute Resolution Agreement, this is not the type of case that can be handled on an expedited basis with streamlined procedures.

17. **Scheduling.**

***Plaintiffs' position***. Plaintiffs believe that the Court should adopt a pre-trial schedule, including for proceedings related to the motions to compel arbitration. Attached as Exhibit A is a copy of the parties' joint Proposed Case Schedule.

***Defendants' position***. Defendants' Motions to Dismiss or Stay and Compel Compliance with Dispute Resolution Agreement are scheduled for hearing on April 27, 2007. Defendants suggest that approximately 60 days from the date that the Court rules on Defendants' motions,

this Court schedule a new case management conference for the setting of dates, if necessary. Defendants do not believe that the Court should adopt a pre-trial schedule at this time due to the pending motions to compel arbitration, but have joined with Plaintiffs in offering a Proposed Case Schedule in the event this Court elects to set a schedule.

18. **Trial**.

Plaintiffs have demanded a jury as provided under Rule 38(a) of the Federal Rules of Civil Procedure.

***Plaintiffs' position***. Plaintiffs believe the trial of this case (witness testimony only) before a jury will take approximately three weeks.

***Defendants' position***. Plaintiffs' First, Fifth, and Sixth Claim for Relief are not subject to trial by jury. At this early juncture it is not possible to reasonably estimate the length of trial. The parties do not know whether the pending motions to dismiss will be granted. Moreover, even assuming Defendants' motions are denied, the parties do not know which, if any, claims will remain after Defendants' anticipated Rule 12 motions and motions for summary judgment. It is also not known at this time, assuming this case proceeds in this Court, whether the motion for class certification will be granted.

19. **Disclosure of Non-party Interested Entities or Persons**.

On March 1, 2007, Quixtar filed its Certification of Interested Entities or Persons identifying that Quixtar is an indirect subsidiary of Alticor Inc. On March 2, 2007, Plaintiffs Pokorny and Blenn filed their certification disclosing that they have no such interest to report. On March 29, 2007, the Britt Defendants filed their Certification of Interested Entities or Persons disclosing that Defendants Bill and Peggy Britt have financial interests of at least 10% in defendant entities Britt Worldwide, L.L.C., American Multimedia Inc., and Britt Management, Inc. The remaining Defendants have not yet filed their certifications.

Dated: April 20, 2007

CEDRIC C. CHAO
WILLIAM L. STERN
JAMES M. SCHURZ
MORRISON & FOERSTER LLP

JAMES R. SOBIERAJ
RALPH J. GABRIC

JULIE L. LEICHTMAN
BRINKS HOFER GILSON & LIONE

By: /s/ Cedric C. Chao
Cedric C. Chao

Attorneys for Defendant
QUIXTAR INC.

BENJAMIN K. RILEY
HELEN CHAE MACLEOD
HOWREY LLP

J. WILLIAM BLUE, JR.
NORTHEN BLUE, LLP

By: /s/ Benjamin K. Riley
Benjamin K. Riley

Attorneys for Defendants
BRITT WORLDWIDE, LLC,
AMERICAN MULTIMEDIA INC.,
BRITT MANAGEMENT, INC.,
BILL BRITT and PEGGY BRITT

DONALD W. CARLSON
EDWARD F. DONOHUE
CARLSON, CALLADINE & PETERSON, LLP

C. MATTHEW ANDERSEN
WINSTON & CASHATT

By: /s/ Edward F. Donohue
Edward F. Donohue

Attorneys for Defendants
JAMES RON PURYEAR, JR.,
GEORGIA LEE PURYEAR, and
WORLD WIDE GROUP, LLC

DAVID BOIES

DAVID W. SHAPIRO
STUART H. SINGER
CARLOS M. SIRES
SIGRID S. MCCAWLEY
BOIES, SCHILLER & FLEXNER LLP

WILLIE E. GARY
MARIA SPERANDO
MARY DIAZ
GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, MCMANUS, WATSON & SPERANDO

By: /s/ David W. Shapiro
David W. Shapiro

Attorneys for Plaintiffs
JEFF POKORNY and
LARRY BLENN

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: April ___, 2007

________________________________
United States District Court Judge