UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF POKORNY and LARRY BLENN on behalf of themselves and those similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>QUIXTAR INC., et al.,<br><br>        Defendants. | No. 07-00201 SC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE DECLARATIONS OF ROBERT FITZPATRICK AND STEPHEN HAYFORD |

## I. INTRODUCTION

Defendant Quixtar, Inc. ("Defendant" or "Quixtar") moved this Court to dismiss or stay the present litigation and compel compliance with a dispute resolution agreement. See Docket No. 28. Plaintiffs Jeff Pokorny and Larry Blenn ("Plaintiffs") opposed that motion. See Docket No. 59. In support of their Opposition, Plaintiffs offered declarations from two purported experts, Stephen Hayford and Robert Fitzpatrick. See Docket Nos. 65 and 66. Quixtar objected to these declarations and moved to strike. See Docket No. 72.

For the reasons set forth below, after considering the declarations and the parties' arguments, the Court hereby GRANTS Quixtar's motion and STRIKES the Hayford and Fitzpatrick Declarations.

**II. UNCONSCIONABILITY**

Under California law, the unconscionability of a contract provision is a question of law to be decided by the Court. See, e.g., Am. Software, Inc. v. Ali, 46 Cal. App. 4th 1386, 1391 (Ct. App. 1996). The same is true under Michigan law. See Andersons, Inc. v. Horton Farms, Inc., 166 F.3d 308, 323 (6th Cir. 1993) (applying Michigan law).[1] Therefore, the Court will ultimately decide whether or not the Quixtar ADR Agreement is enforceable, as a matter of law.

**III. ANALYSIS**

**A. Fitzpatrick Declaration**

The Fitzpatrick Declaration is not relevant to the question of whether the Quixtar ADR Agreement is unconscionable. The parties appear to agree that Mr. Fitzpatrick's testimony focuses on Quixtar's business model and the merits of Plaintiffs' case. D's Mot. to Strike, 5; P's Opp'n to Mot. to Strike, 3, 9. The merits of the case are not yet before the Court, and an opinion on that subject is of no use to the Court in deciding whether or not to enforce the ADR provisions. See Fed. R. Ev. 402.

Plaintiffs assert that Quixtar "opened the door" to a discussion of the merits by including a discussion of its business practices in its Motion to Dismiss or Stay. See P's Opp'n to Mot. to Strike, 9. This argument has no merit. It is common practice

---

[1] The Court will resolve the dispute over whether California or Michigan law governs when it rules on the Motion to Stay or Dismiss, as it is not necessary to decide that issue for this Order.

2

to include background facts about the parties and issues in every motion filed over the course of a litigation. That Quixtar filled space in its brief with "self-laudatory remarks" and puffery having no bearing on unconscionability is not a good reason for Plaintiffs to respond in kind, and does not make the Fitzpatrick Declaration any more relevant to the matter before the Court. Plaintiffs cite <u>United States v. Perry</u>, 857 F.2d 146, 1352 (9th Cir. 1988), to support their "opened the door" argument. That case is of no help to Plaintiffs. In <u>Perry</u>, the prosecutor asked the defendant detailed questions about prior convictions during cross examination. <u>Id.</u> The Ninth Circuit upheld the admission of this line of questioning because Perry had previously testified about the facts underlying those convictions. <u>Id.</u> The only question the <u>Perry</u> court addressed was the propriety of the questioning, not the relevance of the testimony. Regardless of whether Quixtar opened the door, discussion of the merits <u>by either party</u> is unnecessary and irrelevant at this juncture.[2]

**B. Hayford Declaration**

Professor Hayford's opinion regarding the legal question of unconscionability is not admissible.[3] The Court need not address

---

[2] It is possible that Mr. Fitzpatrick's testimony would be relevant and admissible if this case were to proceed on the merits. If that scenario arises, Plaintiffs may offer his testimony at that time, Quixtar may object, and the Court will consider the issue again in that context. Until the Court rules on the Motion to Dismiss or Stay, however, that issue is moot.

[3] Both parties spend a good portion of their briefing on the issue of whether discovery is appropriate or necessary to determine unconscionability. <u>See</u> P's Opp'n to Mot. to Strike, 4-6; D's Reply in Support of Mot. to Strike, 1-3. The issue before the Court, however, is not whether to allow discovery, or even whether to

3

1  Quixtar's concerns about Professor Hayford's qualifications or his
2  purported failure to disclose his affiliation with JAMS, because
3  his declaration offers an opinion on the exact legal question that
4  the Court itself will decide. For that reason alone, the Court
5  will strike the Hayford Declaration.

6  The authorities Plaintiffs cite in support of consideration
7  of expert testimony are not applicable here. First, Plaintiffs
8  rely on Federal Rules of Evidence 702 and 704. Rule 702 allows
9  expert testimony that will "assist the trier of fact to understand
10 the evidence or to determine a fact in issue. . . ." Fed. R. Ev.
11 702. Thus, if the Hayford Declaration would help the Court
12 understand the underlying <u>facts</u> at issue here, it would be
13 admissible under Rule 702. Rule 704 permits expert testimony on
14 ultimate issues of fact. <u>See</u> Fed. R. Ev. 704. Because
15 unconscionability is a question of law, however, Rule 704 does not
16 support the admission of expert testimony on that issue.

17 The prohibition against experts offering legal conclusions is
18 clear in <u>United States v. Moran</u>, 482 F.3d 1101 (9th Cir. 2007), a
19 case Plaintiffs cite. Plaintiffs assert that <u>Moran</u> stands for the
20 proposition that expert testimony on legal conclusions is
21 permissible. P's Opp'n to Mot. to Strike, 7. In fact, the court
22 reached the opposite conclusion, noting that "'an expert witness
23 cannot give an opinion as to her legal conclusion, i.e., an
24 opinion on the ultimate issue of law.'" <u>Id.</u> (quoting <u>Hangarter v.</u>
25 <u>Provident Life & Accident Ins. Co.</u>, 373 F.3d 998, 1016 (9th Cir.

---

27 consider expert testimony in general; rather, it is whether to
admit the Fitzpatrick and Hayford Declarations.

28

4

2004)). In that case, the Ninth Circuit affirmed admission of an expert's testimony on "sham" transactions only after concluding that the expert was <u>not</u> addressing a legal conclusion. <u>Id.</u> at 1106. The court held that the testimony was permissible because the trier of fact in that case would still have to draw its own inferences from the expert's testimony before it could rule on the ultimate issue. <u>Id.</u> Here, if the Court accepts Professor Hayford's testimony that the Quixtar ADR Agreement is unconscionable, there is no need for inference or further analysis, as the ultimate question of law will be resolved.

Many of the remaining cases Plaintiffs cite actually support the exclusion of the Hayford Declaration. For example, in <u>United States v. Dazey</u>, 403 F.3d 1147, 1172 (10th Cir. 2005), the expert "did not directly testify that any particular defendant actually violated the law. Even if his testimony arguably embraced the ultimate issue, such testimony is permissible as long as the expert's testimony assists, rather than supplants, the jury's judgment." In <u>Fiataruolo v United States</u>, 8 F.3d 930, 941-42 (2d Cir. 1993), the court ruled that Rule 704 "was not intended to allow experts to offer opinions embodying legal conclusions." (internal quotations omitted).[4] In <u>Hangarter</u>, the expert "never testified that he had reached a legal conclusion that Defendants

---

[4] The <u>Fiataruolo</u> court also quoted this illustrative example from the Advisory Committee Notes to Rule 704: "[T]he question 'Did T have the capacity to make a will?' would be excluded, while the question 'Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects off his bounty to formulate a rational scheme of distribution?' would be allowed." 9 F.3d at 941.

5

1 actually acted in bad faith (i.e., an ultimate issue of law)." 373
2 F.3d at 1016.

3     The determinative question, then, is whether Professor
4 Hayford crossed the line from describing the underlying facts to
5 expressing a legal opinion. "The best resolution to this type of
6 problem is to determine whether the terms used by the witness have
7 a separate, distinct and specialized meaning in the law different
8 from that present in the vernacular. If they do, exclusion is
9 appropriate." Torres v County of Oakland, 758 F.2d 147, 151 (6th
10 Cir. 1985). After examining the Hayford Declaration, it is clear
11 that he expressed a legal opinion. Professor Hayford asserts that
12 the Quixtar ADR Agreement is "unconscionable." See, e.g., Hayford
13 Decl. ¶¶ 11 ("it is my opinion that the Quixtar DRP [Dispute
14 Resolution Procedures] is procedurally unconscionable. . . ."), 38
15 ("The Formal Conciliation step of the DRP, which is not imposed on
16 Quixtar but only on IBO's is not only unconscionable but is
17 futile. . . ."), 52 ("the Quixtar DRP is so inherently and
18 pervasively flawed and clearly unconscionable. . . ."). The cited
19 examples are not the only legal conclusions, simply the most
20 glaring.

21     Perhaps recognizing that Professor Hayford's legal
22 conclusions are inadmissible, Plaintiffs invite the Court to
23 strike only the offending portions of the Declaration, rather than
24 the entire thing. See P's Opp'n to Mot. to Strike, 7 n.5. Were
25 it a matter of one errant paragraph, the Court might do this.
26 However, legal conclusions are pervasive in the Hayford
27 Declaration, and the Court will not endeavor to rewrite the entire

declaration, striking or allowing testimony on a sentence-by-sentence basis. Professor Hayford could have submitted an appropriately limited declaration offering his potentially relevant knowledge about standard arbitration procedures. Instead, he submitted a legal opinion, which the Court finds inadmissible.

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Quixtar's motion and STRIKES the Declaration of Robert Fitzpatrick and the Declaration of Stephen Hayford.

IT IS SO ORDERED.

Dated: June 29, 2007.

```
_____
UNITED STATES DISTRICT JUDGE
```