United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF POKORNY, LARRY BLENN, and KENNETH BUSIERE, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>QUIXTAR INC., et al.,<br><br>    Defendants. | No. 07-00201 SC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS <u>PENDING APPEAL</u> |

## I. **INTRODUCTION**

The Court recently denied three motions to dismiss or stay this action and to compel arbitration. <u>See</u> Order Denying Defendants' Motions to Dismiss or Stay and to Compel Compliance with Dispute Resolution Agreement ("Order"), Docket No. 115. Defendants Quixtar, Inc., Britt Worldwide, L.L.C., American Multimedia, Inc., Britt Management, Inc., Bill Britt, Peggy Britt, World Wide Group L.L.C., James Ron Puryear, Jr., and Georgia Lee Puryear (collectively "Defendants") have appealed that Order. <u>See</u> Docket No. 118. Defendants now move to stay this action pending the outcome of the appeal. Docket No. 123 ("Motion"). For the reasons set forth below, the Court GRANTS Defendants' Motion and STAYS this action pending appeal.

**II. DISCUSSION**

    **A. Legal Standard**

Under Section 16(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., an order denying a motion to compel arbitration is immediately appealable. See 9 U.S.C. § 16(a). Such an appeal does not automatically divest this Court of jurisdiction. Britton v. Co-op Banking Group, 916 F.2d 1405, 1411-12 (9th Cir. 1990). However, the district court may, at its discretion, stay the proceedings on the merits while the appellate court considers the question of arbitrability. Id. at 1412. Four factors guide the court's discretion in deciding whether or not to stay the proceedings: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether public interest favors a stay." Winig v. Cingular Wireless LLC, No. C-06-4297 MMC, 2006 U.S. Dist. LEXIS 83116, at *2 n.1 (N.D. Cal. Nov. 6, 2006) (quoting C.B.S. Employees Fed. Credit Union v. Donaldson, 716 F. Supp. 307, 309 (W.D. Tenn. 1989)). The first element addresses the merits of the appeal, not the merits of subsequent proceedings in the district court, and it is satisfied where the moving party shows that it has raised a "serious legal question" on appeal. Id.

    **B. Analysis**

All four factors set forth above favor a stay in the present matter. Defendants have raised two serious legal questions on

2

1  appeal, satisfying the first factor.  The first question is the
2  resolution of an apparent split between this Court's ruling on the
3  motion to compel arbitration and the rulings of a number of other
4  state and federal courts.[1]  Numerous courts have found Defendants'
5  ADR agreement enforceable, at least in part, while the Court's
6  Order here struck down the entire agreement as procedurally and
7  substantively unconscionable, and therefore unenforceable.  Such
8  conflicting rulings demonstrate that the law is unsettled and
9  guidance from the appellate court would be beneficial.  See, e.g.,
10 Jones v. Deutsche Bank AG, No. C-04-5357 JW, 2007 U.S. Dist. LEXIS
11 39094, at *6-7 (N.D. Cal. May 17, 2007).  Similarly, Defendants
12 argue that the applicability of the holding in Wolsey, Ltd. v.
13 Foodmaker, Inc., 144 F.3d 1205 (9th Cir. 1998), is unsettled.  The
14 Court found that Wolsey did not govern, but Defendants have
15 identified other courts that disagreed, and enforced provisions
16 requiring non-binding mediation as a precursor to arbitration or
17 litigation.  As this is a controlling issue of law, a stay is
18 warranted until the appellate court determines whether Wolsey
19 governs.
20     The second factor also favors staying this action pending the
21 appeal.  Absent a stay, Defendants could spend substantial time

---

[1] Defendants assert that several other federal courts "reached exactly the opposite holding."  Mot. at 4 n.4.  This overstates the case significantly.  With one exception, none of those cases applied California law, and many did not address the full scope of legal issues the Plaintiffs presented here in their opposition to the motions to compel arbitration (i.e., they addressed one provision of the agreement, such as arbitrator selection or confidentiality, but not all of the challenges Plaintiffs raised).  Though those courts reached different conclusions, they were not faced with identical questions of law.

1 and resources on the litigation, only to have the appellate court
2 reverse the Order and compel arbitration after the fact.  In that
3 situation, the primary benefits of ADR — speed and economy — would
4 have been lost.  See, e.g., Winig, 2006 U.S. Dist. LEXIS 83116, at
5 *6 (citing Alsacom, Inc. v. ITT N. Elec. Co., 727 F.2d 1418, 1422
6 (9th Cir. 1984)).

7 The third factor also supports a stay.  Plaintiffs Pokorny
8 and Blenn have terminated their relationships with Defendants, and
9 will not incur any further damages as a result of the delay.
10 Defendants previously agreed to preserve all evidence, so a stay
11 pending appeal will not prejudice Plaintiffs' ability to conduct
12 discovery and prosecute the action should it go forward after the
13 appeal.  Although Plaintiff Busiere brought claims for injunctive
14 relief in the First Amended Complaint, it is possible that those
15 claims may be subject to arbitration following the appeal, so it
16 would still be premature to begin litigating them at this time.[2]

17 Finally, the same benefits of ADR that tip the second factor
18 in favor of a stay also serve the public interest.  The speed and
19 efficiency of ADR are the foundation for a strong federal policy
20 favoring arbitration over litigation, which would be contravened
21 by requiring the parties to litigate while the appeal is pending.
22 See id. at *9 (citing Moses H. Cone Mem'l Hospital v. Mercury
23 Constr. Corp., 460 U.S. 1, 24 (1983).  The fourth factor — the

---

[2] After Plaintiffs filed the First Amended Complaint, the parties submitted supplemental briefs addressing whether or not the newly-added claims for injunctive relief were arbitrable.  The Court did not reach that question because it found the entire ADR agreement unenforceable.

4

public interest — therefore also favors a stay.

**III. CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion and STAYS this action pending appeal.

IT IS SO ORDERED.

Dated: April 17, 2008

UNITED STATES DISTRICT JUDGE