1
2
3
4
5
6
7
8 UNITED STATES DISTRICT COURT
9 NORTHERN DISTRICT OF CALIFORNIA
10 SAN FRANCISCO DIVISION
11

| | |
|---|---|
| JEFF POKORNY, LARRY BLENN and KENNETH BUSIERE on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUIXTAR INC., *et al.*,<br><br>Defendants. | Case No.　　C 07-00201 SC<br><br>**[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND FINDING OF GOOD FAITH SETTLEMENT** |

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Preliminary Approval of Amended Class Action Settlement Agreement ("Joint Motion");

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties under 28 U.S.C. § 1331 and that venue is proper in this district;

WHEREAS, the terms of the proposed Settlement of this action are set forth in an Amended Class Action Settlement Agreement ("Settlement Agreement") dated April 29, 2011, executed by counsel for the named Plaintiffs and Quixtar and by certain non-parties, and submitted to the Court by a joint motion (Dkt. No. 162);[1]

WHEREAS, the Court requested and received supplemental briefing from the parties (Dkt. Nos. 203, 207), conducted hearings on June 24, 2011 and January 13, 2012 with regard to the proposed Settlement of this action, and has fully considered the record of these proceedings, the representations, argument, and recommendations of counsel for the moving parties, and the requirements of law;

**THE COURT HEREBY ORDERS AS FOLLOWS:**

**I.    CERTIFICATION OF A SETTLEMENT CLASS.**

Solely for purposes of the proposed Settlement, the Court finds on a preliminary basis that the requirements of Rule 23 of the Federal Rules of Civil Procedure and any other applicable law have been met with respect to the Settlement Class. Specifically, the Court preliminarily finds that the requirements of Federal Rule of Civil Procedure 23 are satisfied with respect to the following class, and that certification of this class is appropriate under Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> All Persons who, at any time during the Class Period, were (i) an IBO or (ii) a legal entity through which an IBO conducted a Quixtar-related business. Excluded from the Settlement Class are Quixtar, the Identified BSM Companies, their owners, shareholders, family members, and affiliates.

---

[1] Unless otherwise defined in this Order, the capitalized terms defined in the Settlement Agreement shall have the same meaning in this Order.

The terms "Person," "Class Period," "IBO," "BSM," and "Identified BSM Companies" are defined in the Settlement Agreement. "Person" means an IBO in his or her individual capacity, any corporation, limited liability company, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, or any business or legal entity through which he or she has conducted or conducts a Quixtar-related business, and their spouses, heirs, predecessors, successors, representatives, alter egos, or assigns. "Class Period" means the period from January 1, 2003, through the date of this Order. "IBO" means any Person within the United States who was an "Independent Business Owner" (as that term is used in Quixtar's business) authorized by Quixtar to own and operate an independent business. "BSM" means motivational and/or training aids in the form of books, magazines, other printed material, audio tapes, video tapes, software, CDs, other electronic media, rallies, meetings, functions, and seminars. "Identified BSM Companies" means the entities and their principal owners that (a) are identified in Paragraph 1.13 of the Settlement Agreement and (b) have executed the Settlement Agreement.

## II. APPOINTMENT OF CLASS COUNSEL, CLASS REPRESENTATIVES, AND CLAIMS ADMINISTRATOR.

On a preliminary basis, the Court finds that Plaintiffs' Counsel and the named Plaintiffs satisfy the adequacy requirements of Federal Rule of Civil Procedure 23. Accordingly, the Court preliminarily appoints Plaintiffs' Counsel, Boies, Schiller & Flexner LLP, and Gary, Williams, Finney, Lewis, Watson & Sperando, P.L., as counsel for the Settlement Class and appoints Jeff Pokorny, Larry Blenn, and Kenneth Busiere as class representatives for the Settlement Class.

The Court also approves the parties' selection of Rust Consulting to serve as Claims Administrator for purposes of the Settlement. In accord with the Notice Plan as set forth in the Declaration of David C. Holland Regarding Notice Plan (filed April 29, 2011, Dkt. No. 163-1), the Claims Administrator shall establish and maintain a Settlement Website. The Settlement Website shall contain, among other documents and information, copies of all court filings relating to Settlement approval and to any application for attorneys' fees and reimbursement of expenses.

The Claims Administrator and any Special Master appointed by the Court upon final approval of the Settlement, pursuant to Paragraph 6.1.2 of the Settlement Agreement, shall take reasonable measures to the extent permitted by law to assert and to protect the privacy rights of Settlement Class Members, including by maintaining the confidentiality and security of and preventing the unauthorized access or acquisition of any Forms 1099 and any other financial or personal information submitted in connection with any claim for benefits pursuant to this Settlement Agreement. In the event of any unauthorized access to or acquisition of personal information concerning any Settlement Class Member as a direct result of the intentional or negligent acts or omissions of the Claims Administrator, the Claims Administrator shall be responsible for complying with any privacy, data security, or breach notification obligations under state or federal law, and will be solely responsible for directly providing notice to state agencies, affected Settlement Class Members, and/or others.

## III.     PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT.

The terms of the Settlement Agreement and all exhibits thereto are preliminarily approved, subject to further consideration prior to or at the Settlement Hearing provided for below. The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to be reasonably within the range of approval. As such, the terms of the Settlement Agreement warrant sending notice of the proposed Settlement to members of the Settlement Class.

## IV.     SETTLEMENT CLASS NOTICE AND PROOF OF CLAIM FORM.

On April 29, 2011, the parties submitted: a long form Notice of Proposed Settlement to be posted to the Settlement web site; Summary Notices to be published nationwide and to be disseminated individually to the members of the Settlement Class by email and/or postcard; and a Claim Form, attached to the Settlement Agreement as Exhibits A, B and C, respectively. (Dkt. Nos. 162-3, 162-4, 162-5.) These were amended in the supplemental filings made on November 16, 2011 by Plaintiffs (Dkt. No. 207).

Following the January 13, 2012 hearing, and again following the Court's telephone order of January 25, 2012, the parties further revised the class notices and prepared a Spanish translation, as directed by the Court. The Court finds that the revised Notices and the Claim

[PROPOSED] ORDER GRANTING                                3
JT. MOT. FOR PRELIM. APPROVAL OF SETTLEMENT; CASE NO. C 07-00201 SC
sf-3106129

1    Forms attached hereto as Exhibits A (email notice), B (postcard notice), C (publication notice), D
2    (long form notice), E (Claim Form), F (Spanish version of long form notice), and G (Spanish
3    version of Claim Form) fairly and adequately: (1) describe the terms and effect of the Settlement
4    Agreement and the proposed allocation of the benefits provided to the Settlement Class pursuant
5    to the Settlement; (2) notify the Settlement Class that Class Counsel will seek attorneys' fees in
6    an amount not to exceed $15 million, reimbursement of expenses, and compensation for each
7    named Plaintiff, and that such fees, expenses, and compensation shall be paid from the $34
8    Million Cash Fund to be established and funded by Quixtar in connection with the Settlement; (3)
9    give notice to the Settlement Class of the time and place of the Settlement Hearing; (4) describe
10   how the members of the Settlement Class may object to any of the terms of the Settlement
11   Agreement and/or any application for an award of attorneys' fees and reimbursement of expenses
12   to Class Counsel; and (5) advise Settlement Class members of their right to exclude themselves
13   from the Settlement Class and of the procedure for doing so. The Court finds that the revised
14   Notices and Claim Forms constitute valid, due, and sufficient notice to the members of the
15   Settlement Class and comply with Rule 23 of the Federal Rules of Civil Procedure and any other
16   applicable law.
17        In addition, the Court approves the plan of class notice set forth in the parties' Joint
18   Motion and the supporting memoranda submitted by the parties as the best notice practicable
19   under the circumstances. Accordingly, the Court directs that:
20   • Notice to persons falling within the definition of the Settlement Class shall be
21        effected by the Claims Administrator and shall be structured to be as efficient as
22        possible and to make use of electronic mail and electronic claims submission as
23        provided in the Notice Plan.
24   • The Notice Plan as set forth in the Declaration of David C. Holland Regarding
25        Notice Plan (filed April 29, 2011, Dkt. No. 163-1; *see also* Supplemental
26        Declaration of Shannon R. Wheatman, Ph.D. on Settlement Notice Plan, Dkt. No.
27        207-7) is the "best notice practicable under the circumstances" within the meaning
28        of Federal Rule of Civil Procedure 23(c) and is hereby adopted.

1     • All expenses arising from dissemination of any Notices required by this Order to members of the Settlement Class shall be paid from the $34 Million Cash Fund to be established by Quixtar in connection with the proposed Settlement.

## V. SCHEDULE.

The following schedule is approved for notice, objections, briefing, and hearing on the final approval of the Settlement. The Court orders that:

- Upon entry of this Order, Notice to the Class, in all its forms, as approved in Section IV of this Order, shall be promptly disseminated to members of the Settlement Class and/or published in accord with the Notice Plan, and in any event shall be fully effectuated by May 18, 2012.

- By May 27, 2012, Class Counsel shall file any application for an award of attorneys' fees, reimbursement of expenses, and compensation for the named Plaintiffs, and shall cause the application to be promptly posted on the www.QuixtarClass.com website.

- By August 17, 2012, any member of the Settlement Class who wishes to object to the Settlement or to the award of attorneys' fees or reimbursement of expenses to Class Counsel and who wishes to be heard at the Settlement Hearing must file with the Claims Administrator a written notice of his, her, or its intention to appear at the Settlement Hearing and state the basis for the objections.

- By August 17, 2012, any member of the Settlement Class who wishes to be excluded from the Settlement Class must submit a valid exclusion request to the Claims Administrator, in compliance with the instructions in the Notice of Proposed Settlement.

- Any member of the Settlement Class who wishes to participate in the $34 Million Cash Fund or the $21 Million Product Credit established pursuant to the Settlement Agreement must submit a valid, properly executed, and complete Claim Form, substantially in the form attached as Exhibit E or Exhibit G hereto. To be effective, a Claim Form submitted by a member of the Settlement Class

1  must be transmitted (if sent electronically) or postmarked (if sent by mail) by
2  August 17, 2012.

3  • Claim forms, objections, and requests for exclusion shall be sent to the address
4  indicated in the notices.

5  • The Claims Administrator will timely provide copies of any objections or requests
6  for exclusion from the Settlement Class to lead counsel for all parties:  Stuart
7  Singer, Boies, Schiller & Flexner LLP, for plaintiffs; Cedric Chao, Morrison &
8  Foerster LLP, for defendant Quixtar; J. William Blue, Jr., Northen Blue L.L.P., for
9  the Britt defendants; and C. Matthew Andersen, Winston & Cashatt, for the
10  Puryear defendants.

11  • By October 12, 2012, the parties shall file any joint or separate motion(s) for final
12  approval of the proposed Settlement, for entry of the proposed Consent Judgment,
13  and for dismissal of this action on the merits and with prejudice.

14  • Any responses to the motion(s) for final approval of the proposed Settlement, for
15  entry of the proposed Consent Judgment, and for dismissal of this action on the
16  merits and with prejudice shall be filed by October 26, 2012, and any reply papers
17  in support of the motion(s) must be filed by November 2, 2012.

18  • Any opposition by any party to Class Counsel's application for an award of
19  attorneys' fees, reimbursement of expenses, and compensation for the named
20  Plaintiffs shall be filed by October 26, 2012 and any reply papers in support of the
21  application shall be filed by November 2, 2012.

22  • On November 16, 2012, the Court shall conduct a Settlement Hearing, at which it
23  will consider whether the Settlement should be finally approved as fair,
24  reasonable, and adequate, whether the proposed Consent Judgment should be
25  entered, and whether this action should be dismissed on the merits and with
26  prejudice.  At the Settlement Hearing, the Court shall also hear any motion by
27  Class Counsel for attorneys' fees, reimbursement of expenses, and compensation

28

for the named Plaintiffs, and shall hear any objections to that motion or to the proposed Settlement.

- Members of the Settlement Class who do not submit a valid and timely request for exclusion from the Settlement Class shall be bound by any Consent Judgment entered by the Court in this action and, upon the Effective Date of the Settlement, shall be subject to the Release set forth in the Settlement Agreement.
- The Court may, from time-to-time and without further notice to members of the Settlement Class, continue or adjourn the Settlement Hearing.

## VI. SECOND AMENDED COMPLAINT.

By their Joint Motion, Defendants and Plaintiffs consent to the filing of the Second Amended Complaint, the effectiveness of which is governed by the Settlement Agreement. Accordingly, under Federal Rule of Civil Procedure 15(a), Plaintiffs may file the Second Amended Complaint upon entry of this Order.

## VII. TERMINATION OF THE PROPOSED SETTLEMENT.

If the proposed Settlement is terminated for any reason, this Order shall become null and void and shall be without prejudice to the rights of the parties to the Settlement Agreement, all of whom shall be restored to their previous respective positions in accord with Section 14.3 of the Settlement Agreement.

## VIII. USE OF THIS ORDER.

This Order shall not be construed or used as an admission, concession, or declaration by or against Quixtar or any of the Identified BSM Companies of any finding of fault, wrongdoing, or liability. This Order shall not be construed or used as a waiver or admission as to any arguments or defenses that might be available to Quixtar or any of the Identified BSM Companies, including any objections to class certification in the event that the Settlement Agreement is terminated.

## IX. JURISDICTION.

The Court shall retain jurisdiction for purposes of implementing the provisions of this Order, and reserves the right to enter additional orders to effectuate the fair and orderly

1 administration and consummation of the proposed Settlement and to resolve any and all disputes
2 that may arise thereunder.

6      IT IS SO ORDERED this  21  of  Feb.  , 2012.

*[signature: Samuel Conti]*

                                     Honorable Samuel Conti
                                     United States District Judge