| | |
|---|---|
| 1 | CEDRIC C. CHAO (CA SBN 76045) |
| | WILLIAM L. STERN (CA SBN 96105) |
| 2 | RAYMOND M. HASU (CA SBN 200058) |
| | MORRISON & FOERSTER LLP |
| 3 | 425 Market Street |
| | San Francisco, California 94105-2482 |
| 4 | Telephone: 415.268.7000 |
| | Facsimile: 415.268.7522 |
| 5 | E-mail: cchao@mofo.com |
| | E-mail: wstern@mofo.com |
| 6 | E-mail: RHasu@mofo.com |
| 7 | JAMES R. SOBIERAJ (*Pro Hac Vice*) |
| | BRINKS HOFER GILSON & LIONE |
| 8 | 455 N. Cityfront Plaza Drive |
| | Chicago, Illinois 60611 |
| 9 | Telephone: 312.321.4200 |
| | Facsimile: 312.321.4299 |
| 10 | E-mail: jsobieraj@usebrinks.com |
| 11 | Attorneys for Defendant |
| | QUIXTAR INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFF POKORNY, LARRY BLENN and KENNETH BUSIERE on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUIXTAR INC.,<br><br>Defendant. | Case No. C 07-00201 SC<br><br>**DECLARATION OF RAY ALEXANDER IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT, ADOPTING PROPOSAL FOR DISTRIBUTION OF EXCESS, ADOPTING PROPOSED CONSENT JUDGMENT, AND DISMISSAL OF ALL CLAIMS WITH PREJUDICE**<br><br>Date: November 16, 2012<br>Time: 10:00 a.m.<br>Court: 1, 17th Floor<br>Judge: Honorable Samuel Conti |

DECL. OF RAY ALEXANDER ISO JT. MOT. FOR FINAL APPROVAL OF SETTLEMENT
CASE NO. C 07-00201 SC
sf-3203595 v3

I, RAY ALEXANDER, declare as follows:

1. I am the Director of Strategic Planning for Amway Corp. I have served in this position since August 2010. Prior to that, I held the position of Director of Transformation, from March 2008 to August 2010, and before that I was Director of Marketing, a position that I held since 2006.

2. This is my third Declaration submitted to the Court in connection with the proposed settlement of this action. My first Declaration was filed on April 29, 2011. (Dkt. No. 165.) My second Declaration was filed on October 18, 2011. (Dkt. No. 205.)

## I. SETTLEMENT CLASS DATA

3. Following the Court's February 21, 2012, Order granting preliminary approval of the settlement, Quixtar Inc. worked with its counsel and with Rust Consulting to collect the data necessary to provide notice to class members. During the course of that effort, Quixtar determined that 2,996,557 IBOs met the criteria for membership in the settlement class as defined in the Court's February 21, 2012 Order.

4. Based on my review of Amway records, I estimate that approximately 336,621 members of the settlement class are current IBOs. Thus, 2,659,936 members of the settlement class are former IBOs.

## II. DISTRIBUTION OF UNCLAIMED PRODUCT

5. I understand that approximately $17.3 million of the $21.0 product credit fund remains unclaimed by class members. I further understand that, under the terms of the Amended Settlement Agreement, unclaimed portions of the product credit fund may be distributed for the benefit of class members who are former IBOs.

6. To distribute the unclaimed product, Quixtar proposes to take the following steps. First, Quixtar will increase the value of product available to class members. Currently, each class member eligible to receive a portion of the product credit fund may receive a single product bundle (chosen from 12 different bundles composed of a diverse range of products) worth approximately $75 retail. Quixtar proposes to increase the value of the product bundles selected by eligible class members to approximately $150 retail.

7.     Second, Quixtar proposes to expand the number of class members eligible to receive product from the product credit fund. Currently, to receive a portion of the product credit fund, a class member must have failed to renew his or her registration with Quixtar after his or her initial term as an IBO. Quixtar will expand eligibility for the product credit fund to include all class members who were former IBOs as of February 21, 2012. Thus, the number of former IBO's eligible to receive product will rise from approximately 1,408,297 to 2,659,936.

8.     Third, if there is still unclaimed product credit remaining after these steps are implemented and after class members are provided a second opportunity to submit claims on the product credit fund, Quixtar shall distribute any remaining product to product credit fund claimants such that the entire $21 million value of the product credit fund is distributed to those claimants. This additional product shall consist of items that were featured in the product bundle chosen by the claimant.

I declare under penalty of perjury that the foregoing is true and correct and that I am competent to testify to the facts contained in this Declaration, if called as a witness. Executed on this 12th day of October 2012, in Ada, Michigan.

_____
Ray Alexander