IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF POKORNY, LARRY BLENN, and KENNETH BUSIERE, on behalf of themselves and those similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>QUIXTAR INC., et al.,<br><br>      Defendants. | Case No. 07-cv-0201-SC<br><br>ORDER APPOINTING SPECIAL <u>MASTER</u> |

**I.   SCOPE OF ORDER**

    1.   <u>Order Applicable to All Related Cases.</u>  This Order is binding on all parties and their counsel in the instant case and in any cases subsequently made part of these proceedings, and shall govern each case in the proceedings unless the Court states by further Order that this Order relates only to specific cases.

    2.   <u>Appointment of Special Master.</u>  Pursuant to Federal Rule of Civil Procedure 53, the Court's Order of November 30, 2012 (ECF No. 246 ("Nov. 30 Order")) and section 6.1.2 of the parties' Amended Settlement Agreement (ECF No. 162-2 ("ASA")), and with the consent of the parties, the Court hereby appoints the Honorable James Larson, United States Magistrate Judge (Retired), of JAMS, as

a Special Master to assist the Court in this litigation (hereinafter "Special Master").

**II. BASIS FOR APPOINTMENT UNDER RULES 53(a) AND 53(b)(1)**

3. <u>Basis for Appointment.</u> The Special Master is hereby appointed pursuant to Rule 53(a)(1) to perform duties consented to by the parties (Rule 53(a)(1)(A)), to make findings of fact on issues to be decided by the Court because appointment is warranted by an exceptional condition, namely, the volume of special hardship claims requiring evaluation (Rule 53(a)(1)(B)(i)).

4. <u>No Grounds for Disqualification.</u> Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master shall file an affidavit with this Court that states that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

5. <u>Fairness Considerations.</u> Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties. The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-savings to all parties. Moreover, the Court notes that the parties' ASA specifically contemplates appointment of a Special Master, that the parties have consented to the Special Master's appointment, and that they have agreed to arrange the Special Master's compensation, as discussed in paragraph 13 herein. The Court will protect

against unreasonable expenses and delay through regular communication with the Special Master.

6. <u>Proper Notice Given to All Parties.</u>  Pursuant to Rule 53(b)(1), the Court, in its November 30 Order, gave the parties notice of its intent to appoint the Special Master and an opportunity to be heard with respect to such appointment before issuing this Order.

**III. SPECIAL MASTER'S DUTIES, AUTHORITY, AND COMPENSATION**

7. <u>Diligence.</u>  Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing his duties.

8. <u>Scope of Special Master's Duties.</u>  Pursuant to Rule 53(b)(2)(A), the Special Master shall assist the Court with matters such as: determining whether a particular person is covered by an arbitration agreement; if so, determining which arbitration agreement applies; determining whether the terms of the arbitration agreement are enforceable; determining where and before whom arbitration shall occur, if at all; determining the order in which cases shall be arbitrated; resolving motions now pending before this Court, as well as future motions; determining any issue of law or fact necessary to discharging the foregoing duties, subject to review as provided in paragraphs 15 through 19; and other matters in which the Court wishes to utilize his services.

9. <u>Scope of Special Master's Authority.</u>  The Special Master shall have the authority provided in Rule 53(c) and 53(d).

10. <u>Procedure for Motions Submitted to Special Master.</u> Motion practice before the Special Master, if any, shall be

conducted pursuant to the Local Rules and General Orders of this Court. The Special Master may, in his discretion, issue other orders governing procedures for motion practice. The parties shall provide to the Special Master three sets of all motion papers he is to consider, directing the papers to his attention at: JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California.

11. <u>Ex Parte Communications.</u> Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at any time, without providing notice to the parties. The Special Master may communicate ex parte with any party or its counsel, as the Special Master deems appropriate, for the purposes of ensuring the efficient administration and management of this litigation, including the making of informal suggestions to the parties to facilitate compliance with Orders of this Court. Such ex parte communications shall not, however, address the merits of any substantive issue, except that, if the parties seek assistance from the Special Master in resolving a dispute regarding a substantive issue, the Special Master may engage in ex parte communications with a party or counsel regarding the merits of the particular dispute, for the purpose of mediating or negotiating a resolution of that dispute, but only with the prior permission of those opposing counsel who are pertinent to the particular dispute.

12. <u>Preservation of Materials and Preparation of Record.</u> Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and any of his written orders, findings, and/or recommendations. Pursuant to Rule 53(e), the Special Master shall file any written orders, findings, and/or recommendations with the

4

Court via the Court's Electronic Case Filing system ("ECF"), consistent with Civil Local Rule 5-4 and General Order 45. Such filing shall fulfill the Special Master's duty to serve his order on the parties. Any records of the Special Master's activities other than his written orders, findings, and/or recommendations shall be filed in accordance with paragraph 17 herein.

13. <u>Compensation.</u> Pursuant to Rule 53(b)(2)(E) and 53(g), the parties shall confer with the Special Master to set his rates and the proportion of his fees and expenses that each party shall bear. The Special Master may hire or employ, at a reasonable rate, other personnel to assist in completion of the duties set forth in this Order, and the Special Master shall be reimbursed for payments made to such personnel as part of his expenses. The Special Master shall prepare a monthly invoice for his fees and expenses, which he shall provide to counsel. Such invoices shall be paid promptly.

14. <u>Special Master's Reports to Court.</u> Pursuant to Rule 53(f), the Special Master shall report to the Court as directed by the Court.

**IV. ACTION ON SPECIAL MASTER'S ORDERS, REPORTS, OR RECOMMENDATIONS**

15. <u>Scope of Section.</u> Pursuant to Rules 53(b)(2)(D) and 53(g), the procedures described in paragraphs 16 through 19 herein shall govern any action on the Special Master's orders, reports, and/or recommendations.

16. <u>Time Limits for Review.</u> Time shall be computed in accordance with Federal Rule of Civil Procedure 6(a). Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file

such objections or motion with the Court within fourteen (14) days from the day the Special Master filed the order, report, and/or recommendation via ECF. If any party files an objection or motion, the opposing party shall have seven (7) days to respond, and the moving/objecting party shall have seven (7) days to reply. In case of objection, the Special Master's order shall remain in effect until the Court rules on the objection.

17. <u>Filing the Record for Review.</u> The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

18. <u>Standard for Court's Review.</u> Pursuant to Rule 53(f)(3), in the absence of a stipulation to a higher standard (<u>see</u> ECF No. 248), the Court shall review <u>de novo</u> any findings of fact made or recommended by the Special Master. The Court shall review <u>de novo</u> any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

19. <u>Court's Actions on Special Master's Orders.</u> Pursuant to Rule 53(g)(1), in acting on an order, report, or recommendation of the Special Master, the Court shall afford each party an opportunity to be heard and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject

or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate.

    IT IS SO ORDERED.

    Dated: December 27, 2012

                                          UNITED STATES DISTRICT JUDGE