IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF POKORNY, LARRY BLENN, and KENNETH BUSIERE, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>QUIXTAR, INC., et al.,<br><br>    Defendants. | Case No. 07-0201 SC<br><br>ORDER DENYING MOTION TO REQUEST RETRACTION OF CLASS ACTION EXCLUSION AND REINSTATEMENT OF <u>CLASS ACTION PARTICIPANT STATUS</u> |

## I. **INTRODUCTION**

On May 15, 2013, Mr. Dennis Obado (formerly a class plaintiff in the above-captioned case) filed a motion to be reinstated as a class action settlement objector. ECF No. 277 ("Mot.") The motion is fully briefed, ECF Nos. 280 ("Opp'n"), 282 ("Reply"), and appropriate for decision without oral argument, Civ. L.R. 7-1(b). For the reasons explained below, Mr. Obado's motion is DENIED.

///
///
///

## II. BACKGROUND

The Court draws facts from Mr. Obado's motion and from class counsel's clarifications.

Mr. Obado says that he is a former Quixtar independent business owner ("IBO") who submitted a claim to be included in this class action suit prior to the deadline date of August 12, 2012. Mot. at 2. Class counsel confirms that Mr. Obado filed two such claims: an online claim for products and cash benefits, and a later duplicate, paper claim. Opp'n at 1. Mr. Obado later filed an objection to the settlement on August 11, 2012, on the grounds that the settlement did not provide for treble damages under the New Jersey Consumer Fraud Act. Id. On August 17, 2012, Mr. Obado filed an opt-out notice, stating that he had decided to pursue his own private civil action against Quixtar, based on the New Jersey Consumer Fraud Act. Id. Ex. A ("Obado Ltr."). Class counsel states that Mr. Obado reiterated his decision to opt out in two later emails, Opp'n at 1, and Mr. Obado does not appear to deny this, see generally Reply.

Later, in November 2012, the Court approved a second-round settlement notice concerning the distribution of excess cash and products from the class fund. See ECF No. 246 ("Nov. Order"). Specifically, the November Order approved a plan to allow additional claims to be filed in this case and to make available increased payments of cash and product benefits, depending on the number and sufficiency of new claims. Id. at 7-9.

The claims administrator for this case mailed the approved notice to Mr. Obado on January 11, 2013, using his correct address, and according to class counsel and the claims administrator, the

2

mail was not returned as undeliverable. Opp'n at 1. Even so, Mr. Obado says that he does not recall receiving notice of the November 2012 change in settlement terms. See Mot. at 2, 8. Mr. Obado now claims that he sent his opt-out letter in error, since he only meant to object to the settlement amount and would not have opted out of the class had he known (after November 2012) that the settlement benefits had been altered to make increased benefits available to some claimants. Id. at 2-3, 8-9. Mr. Obado's argument is essentially that he objected to and opted out of the settlement because he thought its benefits were too low, and that after he learned of the settlement's alteration to account for excess cash and products, his concerns were alleviated and he wished to become part of the settlement class again.

On these grounds, Mr. Obado asks the Court to reinstate him as an objector to the settlement. Id. at 9. Class counsel opposes this motion, arguing that no authority supports reinstating an opted-out class member on motion, absent settlement language permitting reinstatement by certain deadlines. Opp'n at 3. As class counsel rightly notes, neither any order nor the settlement agreement provides for the retraction of opt-outs, and the deadline for opting out of the class passed nearly a year ago. Id.

Mr. Obado adds an array of new arguments to his reply brief. Normally the Court would not consider new arguments raised on reply, but since Mr. Obado is proceeding pro se, and since he loses this motion, the Court summarizes his reply brief's arguments here and addresses them below. Mr. Obado claims that: (1) Class counsel did not provide him with adequate legal advice or effective assistance regarding opt-outs, retractions, or deadlines; (2) class

3

1  counsel did not advise him on statutes of limitations concerning
2  the New Jersey Consumer Fraud Act; (3) class counsel's objection to
3  his motion for reinstatement and refusal to assist him in his
4  motion were both actionable breaches of various duties; and (4)
5  absence of legal support for the reinstatement requests suggests
6  that the Court use its equitable powers to reinstate him as an
7  objector.  Reply at 4-12.

## III.  DISCUSSION

Class counsel is correct that no case law supports Mr. Obado's request to be reinstated as an objector long after he has opted out of the class and all relevant deadlines have passed. Sometimes, class action settlement agreements include clauses discussing how opt-out requests can be withdrawn -- normally by filing notice with class counsel and defendants' counsel within a time set by the agreement. See, e.g., Turner v. Storm8, LLC, No. 09-cv-05234-CW, 2012 WL 3037275, at *3 (N.D. Cal. July 30, 201) (settlement approval order that includes a reinstatement clause). The settlement agreement in this case includes no such clause. See ECF No. 162 Ex. 2 ("Am. Settlement Agreement"). Mr. Obado states that the settlement agreement includes no right to retract an opt-out notice, and that had he been notified of a retraction policy, he would have retracted his opt-out. See Mot. at 9. Mr. Obado apparently assumes that all class action settlements must include a right of retraction. As noted above, this is not so.

Mr. Obado argues, apparently in the alternative, that he sent his opt-out letter in error, that he never received notice of the November Order's allowance of additional claims and benefits, and

that class counsel was remiss in not informing him of either his opt-out retraction rights (which never existed) or various other legal issues.  For all these reasons, Mr. Obado claims he should be reinstated as an objector.

First, no evidence on this Motion suggests that Mr. Obado sent his opt-out letter in error.  It was apparently a well considered response to a settlement that Mr. Obado found insufficient, as a result of which he decided to pursue his own suit.  See Obado Letter at 2 ("After careful consideration, I have decided to opt out of the class action settlement, in order to pursue my own private civil action against Quixtar, based on [the] New Jersey Consumer Fraud Act.").  Moreover, despite Mr. Obado's insistence that he never received notice under the November Order, class counsel notes that the claims administrator mailed the requisite notice to Mr. Obado in January 2013 and received no notice that it was undeliverable.  Compare Reply at 5 with Opp'n at 1-2.  Mr. Obado apparently uses the same address now as he did then.  Opp'n at 1-2.  Further, Mr. Obado's insistence that opted-out class members have a heightened need to receive notices relevant to the class settlement is not based on law: class counsel and the claims administrator did everything that was required of them.  See Reply at 5-6.

Second, the Court finds that class counsel breached no duties of any kind in not informing Mr. Obado of a retraction right, rejecting Mr. Obado's requests for legal advice pertaining to his separate civil suit, or doing anything else Mr. Obado claims to have been a derogation of class counsel's duties.  Class counsel acted appropriately in all instances.

This leaves the Court to consider whether it should exercise its equitable powers to reinstate Mr. Obado as an objector. Even if there were such a power, the Court declines to exercise it. This case and this settlement agreement have involved years of complex litigation, detailed fact-finding, and protracted negotiations. The requirements and deadlines set forth in the Court's orders and the parties' settlement agreement were similarly well considered, negotiated, and reviewed. Moreover, all relevant deadlines -- even those for filing claims -- have passed, and to open the door again would risk a flood of late-coming claimants, delaying the claims administrator, the Special Master, class counsel, and the Court. The Court will not upend the entire class action litigation process at this point.

## IV.  CONCLUSION

As explained above, Mr. Obado's motion is DENIED.

IT IS SO ORDERED.

Dated: July 2, 2013

UNITED STATES DISTRICT JUDGE