**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

Jeff Pokorny, Larry Blenn, and Kenneth
Busiere, on behalf of themselves and those
similarly situated,

               Plaintiffs,

v.

Quixtar, Inc.,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO. C 07-0201 SC**

**[PROPOSED] ORDER GRANTING**
**MOTION FOR ATTORNEYS'**
**FEES, EXPENSES, AND**
**INCENTIVE COMPENSATION**

Plaintiffs in this class action have moved for an award of attorneys' fees, expenses, and incentive compensation to the three named class representatives. DE 225. From a class of over 2.9 million persons, the only objections to the motion were filed by Maria Wong and Maria Juarez, DE 235, Mike and Evie Bitondo, DE 241-1, Ex. F, and Virgil and Darlene Hill, DE 241-1, Ex. F. The Court held a hearing on the motion on November 16, 2012 (none of the objectors appeared), took the matter under submission, and later deferred ruling until a "plan for equitable distribution of the settlement proceeds has been adduced and finalized." DE 246. Such a plan has been adduced and finalized and the Court now overrules all objections and GRANTS the motion.

## I.     ATTORNEYS' FEES

In a class action, an attorneys' fee award to class counsel must be "fair, reasonable, and adequate." *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). Courts usually base the fee award on a percentage of the fund recovered for the class but then cross-check the reasonableness of the percentage to be awarded by reviewing the lodestar multiplier. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit uses a 25% baseline in common fund class actions, and "in most common fund cases, the award exceeds that benchmark," with a 30% award the norm "absent extraordinary circumstances

1   that suggest reasons to lower or increase the percentage."  *In re Omnivision Techs. Inc.*, 559 F.

2   Supp. 2d 1036, 1047-48 (N.D. Cal. 2007) (quotation omitted).

3       After considering the evidence and all of the pertinent factors set forth in *Staton*,

4   *Vizcaino*, and subsequent cases, the Court finds Class Counsel's $15 million fee request to be

5   fair, adequate, and reasonable under both the percentage method and the lodestar cross-check.

6   The requested $15 million award is 27.3% of the $55 million common fund, if the non-cash

7   component of the fund is valued at retail.  Even if the product component of the fund is

8   discounted by 20% off Quixtar's retail prices, in light of Plaintiffs' allegations of overcharges,

9   *see In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197 (D. Me.

10  2003) (valuing products at 20% below retail), the requested fee would be 29.5% of the fund.

11  These amounts are reasonable even without consideration of the value of injunctive relief.

12      The court may properly consider the value of injunctive relief obtained as a result of

13  settlement in determining the appropriate fee.  *See Staton*, 327 F.3d at 968 (injunctive relief

14  may be a "relevant circumstance" in determining what percentage of the common fund class

15  counsel should receive as attorneys' fees).  Here, the settlement contains substantial injunctive

16  relief.  *See* DE 224-1, Goddard Decl. ¶ 9 (injunctive relief in settlement is "even more valuable

17  than the substantial economic relief.")  It is undisputed that the injunctive relief has substantial

18  value.  Accordingly, the injunctive relief elements of the settlement constitute further support

19  for the reasonableness of the fee award.

20      The reasonableness of this fee is confirmed by the lodestar cross-check, which results

21  in a multiplier of less than 2.20, DE 243-1 ¶ 7, well within the range of reasonableness.  *See*

22  *Vizcaino*, 290 F.3d at 1052-54 (approving 28% fee that resulted in a 3.65 multiplier); *Milliron*

23  *v. T-Mobile USA*, 423 F. App'x 131, 135 (3d Cir. 2011) ("we have approved a multiplier of

24  2.99 in a relatively simple case"); *In re Cadence Design Sys., Inc. Sec. & Derivative Litig.*, No.

25  C–08–4966 SC, 2012 WL 1414092, at *5 (N.D. Cal. April 23, 2012 (awarding counsel "more

26  than 2.88 times its lodestar amount"); *Been v. O.K. Industries, Inc*., No. CIV-02-285-RAW,

27  2011 WL 4478766, at *11 (E.D. Okla. 2011) (citing a study "reporting average multiplier of

28

CASE NO. C 07-0201 SC     [PROPOSED] ORDER GRANTING MOTION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE COMPENSATION

3.89 in survey of 1,120 class action cases" and finding that a multiplier of 2.43% would be "per se reasonable").

Accordingly, Class Counsel's request for a $15 million fee award is GRANTED, with a reduction of $16,000 in accordance with the Court's prior order, DE 275 at 2.

## II. EXPENSES

Class Counsel is entitled to recover its "out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Class Counsel has submitted adequate support for $666,525 in expenses they incurred over the past seven years for which reimbursement is sought. No party has objected to reimbursement of any of these expenses, and the motion for reimbursement is GRANTED.

## III. INCENTIVE COMPENSATION

"Incentive awards are fairly typical in class action cases … and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publ'g Co.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (internal citation omitted). *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995) ($50,000 award to named plaintiff). It is undisputed that each of the three class representatives spent over two hundred hours of time assisting counsel, reviewing documents, meeting witnesses, attending hearings and mediation sessions, and doing additional work over the seven year course of this litigation. In view of the evidence submitted and the pertinent law, the request for awards of $20,000 to each class representative is GRANTED.

## IV. CONCLUSION

In view of the foregoing, the Escrow Agent is AUTHORIZED and DIRECTED to pay the following amounts from the Cash Fund:

- $15,000,000 for attorneys' fees, minus $16,000 reduction per prior order, for a total attorneys' fee of $14,984,000 to Class Counsel

1          •   $666,525 in expenses to Class Counsel

2          •   $20,000 to plaintiff Jeff Pokorny

3          •   $20,000 to plaintiff Larry Blenn, and

4          •   $20,000 to plaintiff Kenneth Busiere.

5          These amounts should be paid to a bank account designated by Boies Schiller &

6   Flexner LLP ("BSF").  BSF shall be responsible for the distribution of all funds to the

7   appropriate parties.

8

9          DONE AND ORDERED this $\underline{18}$ day of $\underline{\hspace{1cm}July\hspace{1cm}}$, 2013.

10

11         _____
                UNITED STATES SENIOR DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4