

December 17, 2013

Hon. Samuel Conti
United States Courthouse
450 Golden Gate Ave.
San Francisco, CA 94102

      Re:    <u>Jeff Pokorny, et al. vs. Quixtar, Inc., et al.</u>
            Case No. C 07-00201 SC

Dear Judge Conti:

      You appointed me as Special Master in the above-captioned case to prepare a report and recommendation on the "special hardship claims" filed by certain class members and to prepare "a report with recommendations as to whether the current limit on individual special hardship awards or the current limit on aggregate special hardship payments should be amended and with recommendations on how to effect the final distribution of cash and products." DE 258 at 3.

      We have completed our analysis and have prepared my report and recommendation. The net total of the recommended awards is $4.82 million, which is under the $5 million aggregate limit, so there is no need for any amendment.

      Under the parties' settlement agreement and the Court's orders appointing me as Special Master, the next step is for me to "submit the schedule to the Court for final approval of the awards," DE 162-2 at 19, and then the claimants and parties are allowed 14 days from the filing of my report to submit objections or requests for modifications to the Court. DE 252 at 5-6. At the suggestion of Class Counsel, as under your order the 14 days begins on the date of my filing (not on the date notice is sent), I am attaching a proposed order that would amend your original order so that the 14 day period begins on the date notice to claimants is mailed, rather than on the date my report is filed. This will accommodate claimants who may have objections, because the Claims Administrator will need additional time after the report is filed in order to prepare and send out the notices of payment. Objectors will then have 14 days from the date of the notice.

      Also, as any objectors will likely be proceeding pro se and would not be familiar with the Court's filing procedures and would not have access to ECF, the proposed order directs that any objections to my recommendations be submitted to the Claims Administrator rather than to the

Court. Any such objections would be forwarded to the Court for further adjudication, pursuant to DE 285 and DE 300 under which the eight objections to the prior distribution of Section 3 BSM reimbursement payments were considered. *See* DE 305 (**the claimants and parties are awaiting the Court's ruling** on these objections).

Finally, note that the spreadsheet I will file with my report and recommendation only includes specific recommendations as to claimants who submitted at least some form of documentation in support of their claims. With respect to the remaining claimants, those who despite two requests did not submit any documentation at all, I recommend summary denial of their claims for lack of supporting proof.

Sincerely yours,

Hon. James Larson (Ret.)
Special Master

In view of the foregoing, the Court's Order Appointing Special Master (DE 252), as amended (DE 258), is hereby **FURTHER AMENDED**. The second sentence of Paragraph 16 (DE 252 at 5-6) is deleted and replaced with the following: "Any party or claimant wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must mail such objections or motion to the Claims Administrator within fourteen (14) days from the day the Claims Administrator mails notice of the Special Master's filing to claimants."

**SO ORDERED** this ____ day of December, 2013.

January 3, 2014

United States District Judge