Hon. James Larson (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone (415) 982-5267
Facsimile (415) 982-5287

Special Master

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF POKORNY,<br><br>        Plaintiff,<br><br>vs.<br><br>QUIXTAR, INC., et al.,<br><br>        Defendants. | JAMS REF. NO. 1100072424<br><br>**SPECIAL MASTER'S REPORT AND REQUEST FOR FINAL ORDER APPROVING HARDSHIP AWARDS** |

      Approximately 1900 files were obtained from RUST containing supporting data for roughly 1500 hardship claims. A spot check of the entire inventory was made initially to determine the various types of data submitted and the potential total volume of pages to be reviewed. As previously described the individual files contained a wide variety of documentation including receipts, invoices, bank statements, bankruptcy filings, IRS forms, photographs, etc. Many of the individual claims contained several hundred pages of documentation. Some included a narrative explanation which was more or less helpful to interpret the documents. Some did not. Many claimants obviously did not understand the instructions from the Claims Administrator.

A subset of 100 claims were preliminarily culled from the 1900 files to assess the time and methodology necessary for reviewing, tracking and allocating settlement funds for the entire inventory. A separate web based database and a flat fee were settled on as the most efficient and economical approach to the task because of the tremendous variation among the claims. The estimated total time for development of the database and completion of the review and allocation was six to eight months from commencement. The parties and the Court approved the proposal and the work commenced on June 1, 2013. Considerable resources were utilized and much effort expended to complete the allocation within six months, well within the estimated time frame.

During the course of review certain patterns emerged in the types of data submitted. In the best case scenario claimants submitted detailed profit and loss tax documentation including IRS Schedule C forms which clearly showed losses incurred from operation of a Quixtar related business within the claims period. Many claims were submitted with only bankruptcy documentation and no receipts or documentation to support a specific amount of loss. Claims of this nature were allocated the minimum $2,000 on the assumption that filing for bankruptcy was predicated on well over $10,000 in losses and debt. Others submitted only receipts, credit card invoices, or bank statements without explanation. We did our best to estimate the loss. In the worst case scenario claimants submitted no coherent evidence at all to support losses. Such claims were all denied.

The total number of claims following elimination of duplicates and several fraudulent claims is 1437. Of those, 1213 were approved and 224 were denied. The total amount of the hardship allocation is $5,720,203. In accordance with the terms of the Master Settlement Agreement, that amount was to be reduced by the BSM payments made to each claimant. RUST performed this calculation resulting in total BSM payments of $885,920.51 and a final hardship allocation of $4,834,282.49.

The final hardship allocation spreadsheet is attached herewith. I ask you to authorize payment to all hardship claimants who do not appeal and confirm denial of the claims as indicated, as well as denial of those claims which were not supported by any documentation.

Under the Amended Order submitted by letter herewith, once you sign this Order Approving the Hardship Claims, the Claims Administrator will propose and send out notices of the awards and denials. Claimants will have 14 days from date of the notice to appeal. Appeals will be received by the Administrator and forwarded to the Court for review by the Special Master.

The second wave of BSM claims will be paid after all other claims have been resolved.

December 18, 2013

_____
Hon. James Larson (Ret.)


**SO ORDERED** this ____ day of December, 2013.
January 3, 2014

~~December ____, 2013~~

_____
United States District Judge