**United States District Court**
For the Northern District of California

1

2

3

4             IN THE UNITED STATES DISTRICT COURT

5           FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7                                      ) Case No. 07-0201 SC
                                       )
8  JEFF POKORNY, LARRY BLENN, and      ) ORDER RE: OBJECTIONS TO SPECIAL
   KENNETH BUSIERE, on behalf of       ) MASTER'S REPORT AND RECOMMENDED
   themselves and those similarly      ) HARDSHIP AWARDS
9  situated,                           )
                                       )
10           Plaintiffs,               )
                                       )
11      v.                             )
                                       )
12  QUIXTAR, INC., et al.,             )
                                       )
13           Defendants.               )
                                       )
14  _____  )

15

16

17       The settlement agreement in the above-captioned case provided

18  for a special hardship fund from which former Quixtar Independent

19  Business Owners ("IBOs") who are members of the Settlement Class

20  could receive a cash payment of up to 20 percent of their losses,

21  for a maximum of $10,000, if they could show that their recruitment

22  into and operation of their Quixtar business (i) caused them to

23  file for personal bankruptcy or (ii) caused a loss of at least

24  $10,000 from operating their Quixtar business.  ECF No. 162-2

25  ("Settlement Agreement") § 6.1.2.  Per the Settlement Agreement,

26  all hardship claims were to be adjudicated by the Special Master.

27  Losses had to be proven by a "Schedule C or other schedule from a

28  federal tax return, schedules filed in connection with a bankruptcy

filing, or comparably reliable documentation acceptable to the Special Master." Id. § 6.1.2(c).  The Settlement Agreement states that the Court will review, de novo, any objections to the Special Master's rulings on hardship claims.  This Order addresses those objections.

More than 5,900 claimants submitted hardship claims, but about 4,400 did not submit any supporting documents, despite repeated notice of that requirement.  The Special Master denied those claims and individually adjudicated about 1,500 of the remaining claims. Then, after eliminating duplicates and fraudulent claims, the Special Master approved 1,213 claims and denied 224.  On December 18, 2013, he filed his report and recommendations on those approvals and denials, and on January 3, 2014, the Court issued an order approving that report and recommendation.  ECF No. 322. Pursuant to that Order, the Claims Administrator Rust Consulting mailed notice to the hardship claimants, each of whom were informed of their claim's approval or denial, the amount of an award (if any), and the fourteen-day period for submitting written objections.  ECF No. 330-1 ("Stinehart Decl.") ¶ 4.  Thirty-one claimants objected to the Special Master's recommendations, but three of those objections were subsequently withdrawn, leaving twenty-eight objections remaining.  Id. ¶ 5 & Ex. A ("Obj'ns").

**A.**   **Claims Administrator Error**

The Claims Administrator made an error in sending the hardship claim notices.  A notice reading, "As you did not submit any documents in support of your claim, [the Special Master] is recommending to the Court that you not be awarded any hardship payment," was supposed to be sent only to the claimants who

**United States District Court**
For the Northern District of California

1   submitted no supporting documents.  Id. ¶ 6.

2        However, "due to a coding error," some of the 224 claimants

3   whose claims were denied by the Special Master despite submitting

4   documents were sent the aforementioned notice.  Id.  Since those

5   parties' claims were being denied anyway, and they had been

6   provided the same process and objections period as those who

7   submitted no documentation, the Claims Administrator did not send

8   corrective letters.  Id.  Some claimants note this error, and the

9   Court takes notice of their concerns.  However, given that these

10  claimants were privy to the same procedural protections and

11  opportunities for objections as all other claimants, and since the

12  Court is reviewing their objections de novo, the Court does not

13  find that the Claims Administrator's error, though regrettable, is

14  prejudicial or otherwise harmful to the claimants in question.

15       **B.   The Court's Rulings**

16       Pursuant to Paragraph 18 of the Order Appointing the Special

17  Master, objectors are entitled to de novo review of their claims.

18  The Court, having reviewed the Objections and Plaintiffs'

19  submissions regarding the Objections, ECF No. 329 ("Submissions"),

20  rules as follows.

21            **i.   The 1207 Hatfield Ct. Claimants**

22       The Special Master noted that over 2,000 claims, appearing at

23  pages 1-938 of the Objections, appear fraudulent because they

24  originate from a single address at 1207 Hatfield Ct., Abingdon,

25  Maryland.  The Claims Administrator corroborates that more than

26  2000 claims were sent from that address, that each claim is almost

27  identical, and that even though some of the claims append unit

28  numbers to the street address, the address appears to be for a

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

single-family home and not an apartment building.  Stinehart Decl. ¶ 7; see also Submission at 3-4 (noting the dubious nature of these claims).

The Court OVERRULES the objections of claimants Mei, Yang, Dong, Huang, Yu, Wei, Chen, Liu, and Fan, because the Court finds them all fraudulent and unsupported by proof of losses.  Objections at 1-938.  The Court also VACATES the allocation to Weihong Shen, because it originated from the same fraudulent address.

### ii.   Objectors Seeking More Than Twenty Percent of Claimed Losses

Section 6.1.2 of the Settlement Agreement entitles successful hardship claimants to a cash payment of up to 20 percent of their losses, for a maximum payment of $10,000.  Some objectors received hardship awards based on the Settlement Agreement's formula, but they now seek a higher amount.  Claimant Anthony D'Apolito claimed $13,000 in losses and was awarded the 20 percent maximum of $2,600.  He requests $10,000 but has submitted no additional documents except photographs of business support materials ("BSM").  Objections at 939-60.  The Objection is OVERRULED.

Claimant Christine Mattos claimed a loss of $11,190, and requests an increase of her award from $2,000 to $8,000.  Objections at 1310-1448.  Her request for a larger percentage of the loss is not permitted, but she supports her claim for a slight raise with reliable documentation.  The Court GRANTS Claimant Mattos a reallocation of $2,238, which is 20 percent of her $11,190 loss.

Claimants Steve and Rachel Morton claimed a loss of $18,376.39 and received a gross award of $3,625, almost the full 20 percent of

**United States District Court**
For the Northern District of California

1  their loss.  They filed an untimely objection, requesting an

2  increase of this amount.  Objections at 961-1065.  Despite the

3  objection's untimeliness, the Mortons submit proof of losses

4  totaling $33,660, meriting a reallocation of $6,732.

5       **iii.**    **Claimants Who Did Not Submit Tax or Bankruptcy**

6              **Documents**

7       Some claimants did not submit tax schedules or bankruptcy

8  documents, despite Section 6.1.2(c) of the Settlement Agreement's

9  requirement that they do so.  Objections at 1129-1291.

10      Claimant Billy Smith cites affidavits from himself and two

11 others in support of his objections, but did not allege bankruptcy

12 or attach tax schedules.  Id. at 1129-81.

13      Claimant Philip Archer indicates that he is being pursued by

14 creditors, but does not submit tax schedules or bankruptcy

15 documents.  Id. at 1066-86.

16      Claimant Faustino Yacobo submits an assortment of business

17 cards, checks from Quixtar, an IBO application, and several

18 receipts and ticket stubs from Quixtar events, but he submitted

19 neither tax schedules nor proof of bankruptcy, and his losses do

20 not exceed $10,000.  Id. at 1087-1128.

21      Claimant Emeka Anyalewe submits some Quixtar CDs and store

22 receipts totaling less than $10,000, but did not submit any tax or

23 bankruptcy documents.  Id. at 1182-1220.

24      Claimant Martin Petro states that he discarded his Quixtar

25 records, and attaches no tax or bankruptcy documents to his

26 objection.  Id. at 1221-1230.

27      Claimant Monique Jackson says that she lost access to her

28 records and relies instead on a letter and a Social Security

United States District Court

For the Northern District of California

1  statement.  While she had originally submitted a Schedule C tax

2  form from 2003, the loss indicated there is less than the required

3  $10,000.  Id. at 1292-1309.

4      Claimant Bunjin Kim received an erroneous "failure to submit

5  documents" letter despite having sent a letter, some receipts, Form

6  1040A tax returns from 2003 and 2004, and Form 1040 tax returns

7  from 2005 and 2006.  Id. at 1231-1291.  However, he submitted no

8  Schedule C forms, and his 2005 and 2006 Form 1040 state income

9  gains, not losses, for those years.

10     Having reviewed these objections, the Court finds the Special

11 Master's recommendations correct in each case.  The Objections of

12 Claimants Billy Smith, Philip Archer, Faustino Yacobo, Emeka

13 Anyalewe, Martin Petro, Monique Jackson, and Bumjin Kim are all

14 OVERRULED.

15         **iv.**    <u>**Documents Never Received**</u>

16     Claimants Anthony and Julia Crabtree and Dean and Michelle Orr

17 state that they have submitted additional documents to support

18 their claims, or that they would do so, but the Claims

19 Administrator states that it received no documents from them except

20 what it attaches to its declaration (i.e., the Objections and their

21 attached documents).  See Stinehart Decl. ¶¶ 8 (discussing Crabtree

22 claimants), 9 (discussing Orr claimants); Objections at 1449-1509

23 (Crabtree objections), 1510-17 (Orr objections).

24     The Crabtree Claimants were "upline" managers of various

25 "downline" distributors, and they submit complex but ambiguous

26 profit-and-loss statements, but they include no tax documents,

27 bankruptcy documents, or explanations of their profit-and-loss

28 statements.  The Orr Claimants stated that they would send

**United States District Court**
For the Northern District of California

1  additional documents to the Claims Administrator, but they

2  apparently never did.  Stinehart Decl. ¶ 9; Objections at 1510-17.

3       The Court OVERRULES the Crabtree and Orr Claimants'

4  objections, since their documentation is insufficient to state

5  hardship claims.

6            **v.    Bankruptcy Discharge but Minimal Proof of Losses**

7       Claimants Corrie Hemingway, Jeff Parsons, and Derrick DeRoon

8  submitted bankruptcy discharges but included little or no other

9  proof of the amount of their losses.  The Special Master determined

10  that such claims should be "allocated the minimum $2,000 on the

11  assumption that filing for bankruptcy was predicated on well over

12  $10,000 in losses and debt."  ECF No. 322 at 2.  These three

13  claimants object to this determination and ask for an increased

14  award.

15       The Court finds that Claimant Hemingway's tax documents,

16  despite showing "expenses" instead of "losses," are sufficiently

17  reliable to warrant GRANTING him a reallocation of $3,283.40.

18       The Court finds that Claimants Parsons and DeRoon fail to

19  provide sufficient documentation to support their objections.

20  Claimant Parsons' documentation from 1995 falls outside the Class

21  Period, which runs from January 1, 2003.  Objections at 1537-57.

22  His objections are OVERRULED.  Claimant DeRoon submits no new

23  evidence, so his objections are likewise OVERRULED.

24            **vi.    Claimant Claude Zamor**

25       Claimant Claude Zamor resides in Haiti and presents no proof

26  that he operated a Quixtar business in the United States.  He

27  submits no tax schedules or bankruptcy documents, and has already

28  received a $2,000 cash payment on his BSM claim.  Objections at

1  1570-83. His objections are OVERRULED.

2    **vii.**    **Claimant Mark Smith**

3   Claimant Mark Smith's losses were incurred between 1992 and

4  1997, and as noted above, the Class Period for this case runs from

5  January 1, 2003. Objections at 1584-1635. His objections are

6  OVERRULED as untimely.

7    **viii.**    **Claimants Michael and Adrienne Prince**

8   Claimants Michael and Adrienne Prince provide new

9  documentation indicating a bankruptcy discharge, as well as various

10  tax documents (but not Schedule C forms). Because the Prince

11  Claimants submitted their bankruptcy documentation with their

12  objection, the Court GRANTS them a reallocation of $2,000.

13    **ix.**    **Additional Objections Received by Special Master or**

14         **the Court**

15   Several claimants submitted objections not reviewed by the

16  Claims Administrator. Claimant Glinda Parker submitted no new

17  documents in support of her objection, which is OVERRULED.

18  Claimant Don Haug submitted no documents to support his claim, so

19  his objection is OVERRULED. Claimant Ryan Shinn objected but did

20  not file a hardship claim. His objection is OVERRULED. Claimants

21  Kevin and Linda Homan were previously allocated $2,000. They

22  object, stating that they filed bankruptcy due to Quixtar losses,

23  but they provide no new documents to support their objection, so it

24  is OVERRULED.

25   Claimant Dwayne Coleman's claim, discovered late by the Claims

26  Administrator, is APPROVED at $10,000.

27  ///

28  ///

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1     Claimants Richard and Anita Werner submitted new documents,

2  which the Special Master reviewed.   They are allocated $2,000.

3

4     IT IS SO ORDERED.

5

6  Dated: March 31, 2014



7                                UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28