Hon. James Larson (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone (415) 982-5267
Facsimile (415) 982-5287

Special Master

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF POKORNY, et al., | CASE NO. C 07-00201 SC |
| Plaintiffs, | **SPECIAL MASTER'S REPORT AND REQUEST FOR FINAL ORDER APPROVING SECOND SUBMISSION OF OBJECTIONS TO HARDSHIP AWARDS** |
| vs. | |
| QUIXTAR, INC., et al., | |
| Defendants. | |

In a document filed May 6, 2014, Plaintiffs submitted fifteen additional objections to the Special Master's report and recommended hardship awards. These fifteen objections were apparently timely submitted, but the Claims Administrator misplaced them, and they were not submitted with the 28 objections previously submitted and adjudicated by the Court in its Order of March 31, 2014.

Herein are my comments to the second submission of objections for review by the Court. The comments are organized according to the Plaintiffs' Second Submission to the Court. We agree with counsel's summary. Again, please note that we have not denied review or reconsideration of any objection on grounds of late filing. In addition, except where noted, we agree with the Plaintiffs' submission.

1. **Comments on the Objections**

A. **Peterson and Gilman**

Both objectors were awarded the $10,000 maximum. Peterson objects that his award should be $55,499, and Gilman objects that this is not a "proportionate" amount to receive. Both objections should be denied. The Settlement Agreement provides for a maximum of $10,000 recovery. It is not possible to award more than that under the terms of the Settlement Agreement.

B. **Anderson**

These Claimants were awarded $3,501 less the deduction for BSM. Mr. Anderson objects that he should receive the $10,000 maximum, because he has over $64,000 of Quixtar products left unsold and stored in his garage. However, he has not provided any additional tax documents or other reliable information documenting this loss. His "new inventory" sheet is insufficient. Accordingly, his objection should be denied.

C. **Barrera**

These Claimants submit a one-paragraph objection stating that they "lost a lot of money" invested into his Quixtar business, and it is "unjust" that "he" not be awarded additional compensation. He submits no additional documentation and he has already received favorable treatment. Accordingly, his objection should be denied.

D. **Jawny**

The Claimant appears not to understand that the Settlement Agreement provides for an award of 20% of the loss. He has already received favorable consideration, in that his previous award included losses outside the settlement period, pursuant to agreement of counsel. Accordingly, this objection should be denied.

### E.  Cornelius

This Claimant's original submission did not include any tax or bankruptcy documents, only some invoices for items he purchased. He does not submit any further documentation in support of his objection. He seeks an increase to $4,000, stating that he is unable to provide additional documents due to his medical condition. In the absence of any new documentation, this objection should be denied.

### F.  Titus

Mr. Titus states he is "not objecting" but seeks a recalculation and explanation of his award. In fact, it appears that his losses for 1999, which were outside the period, but includable pursuant to agreement with counsel, were not included. Thus his total loss was $43,929, 20% of which equals $8,786. The actual amount allocated previously was $7,544. Accordingly, Mr. Titus is entitled to an additional allocation of $1,242.

### G.  Gillespie and Ducham

These Claimants were awarded $2,000 on the basis of filing for bankruptcy, which presumes at least a $10,000 loss. Ms. Gillespie claims this amount is an "embarrassment" and she should receive a "much higher amount," because losing her house and her credit was "devastating." However, she submits no additional documentation, and the terms of the Settlement Agreement do not permit additional recovery on the stated grounds.

Mr. Ducham objects and states that he lost his documentation in a house fire and asserts that he filed bankruptcy for $75,969.49 in debts after "losing his home, savings and hope of a secure retirement." In the absence of additional documentation, both of these objections should be denied.

### H.  Skrdla

The Skrdlas submitted their bankruptcy filing and tax return summaries for 2008 and 2009. They were previously awarded $5,992 on the basis of these losses without deducting their

gain for the year 2009.  They claim additional losses of $50,000, but fail to submit any new documentation.  Accordingly, the objection should be denied.

### I.      Howerter

These Claimants were previously awarded $6,902.  They seek the maximum of $10,000.  In reviewing their claim, we found additional tax information for 2003 that was submitted after the claim was initially reviewed.  Adding this amount results in a total loss of $48,154, 20% of which is $9,631.  Accordingly, the Howerters should receive an additional allocation of $2,729.

### J.      Hamid

These Claimants submitted additional Schedule C losses for the years 2003 through 2007, which bring their total loss up to $46,978, 20% of which is $9,396.  The original amount allocated was $4,625.  Accordingly, this objection should be approved, and an additional allocation of $4,771 awarded to these Claimants.

### K.      Guzman

This Claimant submitted additional documentation confirming a total loss of $18,610, 20% of which is $3,722.  He should receive an additional allocation of $1,098.  His objection should be approved.

### L.      Johnson

Ms. Johnson claimed losses from 1993 through 2008.  She submitted her husband's Schedule C tax forms for 2001 through 2008 with her original claim.  She received 20% of the total loss for those years.  She objects to that award as "an insult to me, the Court, and justice."  However, she has failed to submit any additional documentation to confirm the losses from 1993 through 2000.  Her spreadsheets which are based on estimates, are insufficient.  This objection should be denied.

1

**M.     Davis**

Ms. Davis seeks an "explanation" of her award of $4,213, which is 20% of her documented loss of $21,067. She apparently fails to note that the Settlement Agreement provides for a maximum recovery of 20% of her losses. In the absence of any additional documentation, this objection should be denied.

**CONCLUSION**

All of the above recommendations are based on our review de novo of all of the information submitted regarding these claims. A spreadsheet summarizing the results of this review is attached. This information has been submitted and approved by Plaintiffs' counsel.

If the Court agrees with these comments, please issue an Order accordingly.

Respectfully submitted,

May 23, 2014

Hon. James Larson (Ret.),
Special Master

5

**Attachment 1**

| Last | First | Notes | Appeal Status | Appeal Allocation |
|---|---|---|---|---|
| Peterson | Joel | Claimant received maximum allocation of $10K | Denied | $0 |
| Gilman | Jess and Rhonda | Claimant received maximum allocation of $10K | Denied | $0 |
| Anderson | Luis and Patricia | Narrative only no new documentation | Denied | $0 |
| Barrera | Rocio | Narrative only no new documentation | Denied | $0 |
| Jawny | George and Janis | Narrative only no new documentation | Denied | $0 |
| Cornelius | Winford Lee and Lisa | Narrative only no new documentation | Denied | $0 |
| Titus | Aaron | 1999 loss not originally included. Total loss $43,929. 20% equals $8,786. Amount allocated $7,544. Balance allocation is $1,242. | Approved | $1,242 |
| Gillespie | Cheryl | Narrative only no new documentation | Denied | $0 |
| Ducham | David | Narrative only no new documentation | Denied | $0 |
| Skdrla | Mike and Terry | Narrative only no new documentation | Denied | $0 |
| Howerter | Bradley | Claimant submitted additional documentation confirming loss of $13,641 in 2003. Total loss $48,154, 20% = $9,631. Balance allocation $2,729 | Approved | $2,729 |
| Hamid | Tawfique and Faria | Claimant submitted additional documentation confirming total loss of $46,978. 20%=$9,396. Amount allocated $4625. Balance allocation is $4,771 | Approved | $4,771 |
| Guzman | Tom | Claimant Submitted additional documentation confirming total loss of $18,610. 20%=$3,722. Balance allocation is $1,098 | Approved | $1,098 |
| Johnson | Danice | Narrative only no new documentation | Denied | $0 |
| Davis | Nancy | Narrative only no new documentation. Claimant allocated 20% of total loss. | Denied | $0 |

6