IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JEFF POKORNY, LARRY BLENN, and KENNETH BUSIERE, on behalf of themselves and those similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>QUIXTAR, INC., et al.,<br><br>      Defendants. | Case No. 07-0201 SC<br><br>ORDER RE: SECOND SUBMISSION OF <u>OBJECTIONS TO HARDSHIP AWARDS</u> |

    The settlement agreement in the above-captioned case provided for a special hardship fund from which former Quixtar Independent Business Owners ("IBOs") who are members of the Settlement Class could receive a cash payment of up to 20 percent of their losses, for a maximum of $10,000, minus any repayments for Business Support Materials ("BSM"), which were awarded under a separate section of the agreement.  ECF No. 162-2 ("Settlement Agreement") § 6.1.2. Successful hardship claimants were required to show that their recruitment into and operation of their Quixtar business (i) caused them to file for personal bankruptcy or (ii) caused a loss of at least $10,000 from operating their Quixtar business.  <u>Id.</u>

///

Per the Settlement Agreement, all hardship claims were to be adjudicated by the Special Master. Losses had to be proven by a "Schedule C or other schedule from a federal tax return, schedules filed in connection with a bankruptcy filing, or comparably reliable documentation acceptable to the Special Master." Id. § 6.1.2(c). The Settlement Agreement states that the Court will review, de novo, any objections to the Special Master's rulings on hardship claims.

The Court recently ruled on twenty-eight objections to the Special Master's rulings on hardship claims. ECF No. 334 ("Apr. 1 Order"). However, on May 6, 2014, Plaintiffs submitted fifteen additional claimants' objections to the Special Master's rulings. ECF Nos. 337-38 ("Pls.' Submission"). These objections were timely submitted, but the Claims Administrator misplaced them, so neither the Court nor the Special Master was able to review them. These claimants collectively submitted 2,165 pages of documents in support of their objections. ECF No. 338 ("Supp. Stinehart Decl.") Ex. A ("Supp. Obj'ns"). All fifteen of the objections are from claimants who were awarded hardship payments, but who state that they should have been awarded more than the amount recommended.

Having reviewed the claimants' new documents, Plaintiffs' Submission, and also the Special Master's report and recommendations on Plaintiffs' new submissions, ECF No. 339 ("R&R"), the Court rules as follows, analyzing the objections de novo and not considering the timeliness of any objection.

### A. **Peterson and Gilman**

These claimants were awarded the $10,000 maximum. Claimant Peterson objects that his award should be $55,499, Supp Obj'ns at

2-1035, while the Gilman Claimants contend that their award was "not a proportionate amount to receive," id. at 1036-68. The Court OVERRULES these objections, because the Settlement Agreement does not permit awards exceeding $10,000.

### B.  Anderson

The Anderson Claimants were awarded $3,501. Subject to their prior $2,000 payment under Section III of the Settlement Agreement, which concerned Business Support Materials ("BSM"), the Anderson Claimants' award netted $1,501. They object to their award on the grounds that they have over $64,000 of Quixtar products left unsold and stored in Mr. Anderson's garage. The Court OVERRULES the Anderson Claimants' objection because they do not provide any acceptable proof of their losses.

### C.  Barrera & Castillo

The Barrera & Castillo Claimants object on the grounds that they "lost a lot of money" from Mr. Barrera's Quixtar business, and that it is unjust that they were not awarded more money. Supp. Obj'ns at 1147-74. The Court OVERRULES the Barrera Claimants' objection because they provide only some ambiguous "invoice activity reports," as opposed to tax or bankruptcy documents, and they have already received $1,600 after the deduction for the BSM payment.

### D.  Jawny

The Jawny Claimants submitted acceptable proof of $17,494 in losses between 2002-04, and the Special Master awarded them $3,499, which was 20 percent of their losses. They object and ask for an award of $10,000. Supp. Obj'ns at 1175-96. The Court OVERRULES this objection. The Jawny Claimants did not provide any additional

documents that would entitle them to the Settlement Agreement's $10,000 maximum.

### E. Cornelius

The Cornelius Claimants were awarded $3,000. They received $2,600 after the $400 deduction for their BSM payment. They did not submit acceptable documentation of their losses, but they object to the Special Master's award and seek an increase to $4,000. Supp. Obj'ns at 1197-1223. Mr. Cornelius states that he cannot provide additional documents due to amnesia and other medical conditions. Id. The Court cannot rely on that representation, so absent additional documentation, the objection is OVERRULED.

### F. Titus

Claimant Titus does not object to his award, but he asks that it be explained. Pls.' Submission at 5. The Special Master recommends that Mr. Titus's request be interpreted as an objection, and suggests that the award be recalculated. R&R at 3. The Court agrees. The Special Master had originally given Mr. Titus substantial (but less than 100 percent) credit for submitting tax returns outside the Class Period in this case, but some of that credit was not included in Mr. Titus's award. Id.; Pls.' Submission at 5; Supp. Obj'ns at 1224-53. The Court finds that Mr. Titus's total loss was $43,929, 20 percent of which is $8,786, as opposed to the previously calculated $7,544. The Court GRANTS Mr. Titus an additional allocation of $1,242.

///
///
///

4

### G. Gillespie & Ducham

The Gillespie and Ducham Claimants were awarded $2,000 on the basis of their bankruptcy filings, which presumed a $10,000 loss per the Special Master's standard practices regarding claimants who at least provided proof of bankruptcy. Claimant Gillespie obtained $560 after a $1,440 deduction for her BSM payment, and Claimant Ducham obtained $2,000 because she had not received any BSM payments. Claimant Gillespie asks for a "much higher amount," due to her embarrassment and humiliation of going through bankruptcy, Supp. Obj'ns at 1254-82, while Claimant Ducham contends that he lost all of his documentation but "ended up filing bankruptcy for $75,969.49," id. at 1283-1338. The Court OVERRULES these objections because neither claimant provided additional documentation. Mr. Ducham filed bankruptcy schedules, but did not sufficiently explain that his losses were due to his involvement in Quixtar, and without proof, the Court declines to adjust his claim upward.

### H. Skrdla

The Skrdla Claimants proved a net loss of $5,992 between 2007-09, but the Special Master awarded them $2,000 (as opposed to a 20-percent payment of $1,198) based on their bankruptcy filings. They object to that award, claiming that they lost more than $50,000, but they provide no new documentation. Supp. Obj'ns at 1339-1413. The Court therefore OVERRULES their objection.

### I. Howerter

The Howerter Claimants were awarded $6,902, with a net of $5,125 after a $1,776 deduction for their BSM payment. The Special Master notes that the Howerter Claimants submitted additional 2003

5

tax information after their claim was initially reviewed. The Howerter Claimants ask for the $10,000 maximum, but 20 percent of their total loss of $48,154, after the 2003 tax information's addition, would be $9,631. Supp. Obj'ns at 1414-8; Pls.' Submission at 6 n.1. The Court accordingly GRANTS the Howerter Claimants an additional allocation of $2,729.

### J. Hamid

The Hamid Claimants were awarded $4,625, with a net of $2,625 after a $2,000 BSM deduction. They object and ask for $10,000. They submit additional tax forms, not previously considered, that bring their 2003-2009 losses to $46,978. Supp. Obj'ns at 1482-1576; Pls.' Submission at 6. Twenty percent of that is $9,395. Finding consideration of the Hamid Claimants' new evidence appropriate, the Court GRANTS them an additional allocation of $4,771.

### K. Guzman

Claimant Guzman was awarded $2,624 based on his 2006-07 tax returns' stated loss of $13,450. He later filed additional tax information, including a 2005 return, which would have shown a total loss of $18,610, for an award of $3,722. He objects that his award should have been based on the $18,610 loss. Supp. Obj'ns at 1577-1780. The Court GRANTS Claimant Guzman an additional allocation of $1,098, based on his additional documentation.

### L. Johnson

Claimant Johnson had originally submitted a combined objection to the settlement and hardship claim. The hardship claim requested reimbursement for losses from 1993-2008, but the Class Period for this case started on January 1, 2003, excluding Ms. Johnson's

claims before that date.  In support of her Class Period losses, Ms. Johnson had originally submitted her husband's Schedule C forms for 2001-04 and 2006-08, showing a total loss of $28,851, though Plaintiffs note that Ms. Johnson's husband opted out of this class action, and she is not named on his tax returns.  Pls.' Submission at 7 & n.2.  Ms. Johnson objects to the Special Master's award of $5,770, which netted $3,770 after Ms. Johnson's $2,000 BSM payment was deducted, on the grounds that it was an insult.  Supp. Obj'ns at 1781-1896.  The Court OVERRULES the objection, because Ms. Johnson did not submit additional documentation.

### M. <u>Davis</u>

Claimant Davis requests an explanation of her $4,213 award, which was based on her documented loss of $21,067.  Ms. Davis's award is 20 percent of the $21,067 loss, per the Settlement Agreement's maximum.  The Court OVERRULES Ms. Davis's objection to the extent that it asks for further consideration of the award, since she submitted no additional documentation.

IT IS SO ORDERED.

Dated: June 9, 2014

UNITED STATES DISTRICT JUDGE