1
2
3
4          IN THE UNITED STATES DISTRICT COURT

5          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6
7                                    )  Case No. 07-0201 SC
                                     )
8   JEFF POKORNY, LARRY BLENN, and   )  ORDER RE: ALLENS' OBJECTION TO
    KENNETH BUSIERE, on behalf of    )  HARDSHIP AWARDS AND SEAN FELDER
    themselves and those similarly   )
9   situated,                        )
                                     )
10            Plaintiffs,            )
                                     )
11       v.                          )
                                     )
12  QUIXTAR, INC., et al.,           )
                                     )
13            Defendants.            )
                                     )
14  _____ )

15

16  **I.    INTRODUCTION**

17       Now before the Court is an objection by David R. Allen and

18  Connie M. Allen ("the Allens") to the Special Master's report and

19  recommendation denying their special hardship claim.  ECF No. 345

20  ("R&R").  The Court has also received a letter from Claimant Sean

21  Felder, never filed on this case's docket, indicating his

22  displeasure with his award of $1,000 and requesting various other

23  relief.  For the reasons discussed below the Court OVERRULES the

24  Allen's objection and DENIES Felder's requests.

25

26  **II.   BACKGROUND**

27       The settlement agreement in this case provided for a special

28  hardship fund from which former Quixtar Independent Business Owners

**United States District Court**
For the Northern District of California

("IBOs") who are covered by the settlement could receive a cash payment of up to 20 percent of their losses, for a maximum of $10,000, minus any repayments for Business Support Materials ("BSM"), which were awarded under a separate section of the agreement. ECF No. 162-2 ("Settlement Agreement") § 6.1.2. The relevant period for losses covered by this settlement began on January 1, 2003. Successful hardship claimants were required to show that their recruitment into and operation of their Quixtar business (i) caused them to file for personal bankruptcy or (ii) caused a loss of at least $10,000 from operating their Quixtar business. Id.

Per the Settlement Agreement, all hardship claims were to be adjudicated by the Special Master. Losses had to be proven by a "Schedule C or other schedule from a federal tax return, schedules filed in connection with a bankruptcy filing, or comparably reliable documentation acceptable to the Special Master." Id. § 6.1.2(c).

The Court has previously ruled on several objections to hardship claims. See, e.g., ECF No. 334 ("Apr. 1 Order"). Recently, the Court received an objection to a report and recommendation from the Special Master recommending the rejection of the Allen's special hardship claim. ECF No. 345 (R&R"). As the Special Master noted the Allen's claims fall outside the claims period. As a result, he recommended denial of the Allens' claims. Now the Allens object.

**III. LEGAL STANDARD**

The Court reviews the Special Master's report and

recommendation <u>de novo</u>.

**IV.   <u>DISCUSSION</u>**

    **A.   <u>The Allens</u>**

As discussed above, the Settlement Agreement here covers losses beginning on January 1, 2003.  However, the Allens submitted Schedule Cs for 1997-2000.  The Allens recognize that their submissions predate the class period, but nevertheless request consideration of their business losses because they "were [led] on [by] senior officials that should be held accountable."  ECF No. 346 Ex. B ("Obj.").

While the Court is not unsympathetic to the Allens, unfortunately their claims fall outside the class period.  As a result there is no legal basis for the Court to award any additional compensation, and the Special Master rightly denied their request for a special hardship award.  Accordingly the Allens' objection is OVERRULED.

    **B.   <u>Sean Felder</u>**

As mentioned above, the Court received a letter from Felder, one of the claimants.  Attached was a letter from Plaintiffs' counsel, apparently sent to Felder some months ago in response to correspondence from him.  The letter from Plaintiffs' counsel indicated that under the terms of the settlement, Felder submitted a claim form requesting a product bundle and indicating that he spent "over $5,000" on BSMs.  Subsequently, Felder received a product bundle and a cash payment of $1,000, or twenty percent of $5,000, as provided for in the Settlement Agreement.

Now Felder has written to the Court to indicate his

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  displeasure with his award.  Specifically, he indicates that he

2  should be awarded $10,000 more "because Amway tried to disrupt my

3  business, [and] use[d] discriminatory tactics to discourage me!"

4  In support of his discrimination allegations, he apparently

5  previously sent Plaintiffs' counsel a charge he filed with the

6  Michigan Department of Civil Rights and Equal Employment

7  Opportunity Commission ("EEOC") alleging racial discrimination

8  arising from Amway's alleged denial of payment and opportunities on

9  the basis of race.

10      Because there is no basis in the Settlement Agreement for

11  granting Felder any additional compensation, the Court DENIES his

12  request.  Nonetheless, the Court notes that the Settlement

13  Agreement in this case and this litigation generally do not cover

14  allegations of racial discrimination by Amway.  As a result, if Mr.

15  Felder wishes to allege discrimination by Amway or seek

16  compensation for Amway's allegedly discriminatory actions, he must

17  pursue his EEOC claims further or follow the process for obtaining

18  a right to sue from the EEOC.  See U.S. Equal Employment

19  Opportunity Commission, After You Have Filed A Charge,

20  http://www.eeoc.gov/employees/afterfiling.cfm.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**United States District Court**
For the Northern District of California

**V.**    <u>**CONCLUSION**</u>

For the reasons explained above, the Allens' objection to their special hardship award is OVERRULED.  Felder's request for additional compensation is DENIED.

IT IS SO ORDERED.

Dated: December 15, 2014

UNITED STATES DISTRICT JUDGE