IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JEFF POKORNY, LARRY BLENN, and KENNETH BUSIERE, on behalf of themselves and those similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>QUIXTAR, INC., et al.,<br><br>      Defendants. | Case No. 07-0201 SC<br><br>ORDER RE: REQUESTS FOR REVIEW BY NEW BSM CLAIMANTS |

    In June of 2013 the Court ordered the claims administrator to send notice to the 91 BSM ("Business Support Materials") Claimants whose BSM claims had previously been rejected in whole or in part. ECF No. 285.  As ordered by the Court, the BSM Claimants were notified that if they disagreed with the claims administrators' whole or partial rejection of their BSM claims, the BSM Claimants could request review of the rejection by the Court.

    Now before the Court are two such requests, one filed by Deisy Lopez Medina and the other by Raj Bodepudi on his own behalf and on behalf of Gautham and Srikanth Bodepudi.  ECF No. 349 ("Notice"). Argument on these requests for review is unnecessary under Civil Local Rule 7-1(b), and based on the record the Court finds the claims administrator's decision to reject these claims was

appropriate. Accordingly, the requests for review are DENIED and the claims administrator is AFFIRMED.

Under the terms of the settlement agreement, class members were entitled to seek reimbursement for BSMs, including "motivational and/or training aids in the form of books, magazines, other printed materials, audio tapes, video tapes, software, CDs, other electronic media, rallies, meetings, functions, and seminars." ECF No. 162-2 ("Settlement Agreement") at ¶¶ 1.4, 1.37, 6.1.1. The settlement agreement, as well as notices and the rejection letters sent to the 91 BSM Claimants whose claims were rejected in whole or in part, stated that "[p]urchases of Quixtar products, computers, office supplies and equipment, etc." were not eligible for reimbursement. ECF No. 349-1 ("Stinehart Decl.") Ex. A, Tab 3, at 2.

The claims administrator properly denied Lopez's request for reimbursement because she seeks reimbursement for purchases of Quixtar products, not BSMs. For instance, Lopez's claim form and declarations list numerous Nutrilite, Artistry, and other Quixtar products, but do not list any motivational materials or training aids like books or CDs that qualify as BSMs under the settlement agreement. ECF No. 162-2 ("Settlement Agreement") at ¶¶ 1.4, 1.37, 6.1.1. Similarly, while her letter points out that she spent significant money and time on her business, that standing alone does not entitle her to reimbursement. Instead, the only legal basis for granting her request for reimbursement would be if she sought reimbursement for expenses that qualify under the terms of the settlement agreement. Because she has not done so, the claims administrator rightly rejected her claims.

The claims administrator also rightly denied reimbursement to Bodepudi. While Bodepudi's claim form and initial declarations list, in a very general way, purchases that may qualify as business support materials, including more than $1500 for books, $1000 for CDs, and $5000 for "team development," after the claims administrator requested additional verification, Bodepudi submitted supplemental declarations listing only Quixtar products he purchased, not BSM expenses. Compare Stinehart Decl. Ex. B, Tab 1, at 2, with Stinehart Decl. Ex. B, Tab 2, at 1, 4, 7. Once again, Quixtar products purchased by Bodepudi or others are not BSM expenses, and are therefore not reimbursable under the settlement agreement. As a result, Bodepudi, like Lopez, is not entitled to reimbursement for the purchases he has claimed, and the claims administrator rightly denied his request for reimbursement on that basis.

For these reasons, the requests for review are DENIED, and the claims administrators' decisions are AFFIRMED.

IT IS SO ORDERED.

Dated: February 12, 2015

_____
UNITED STATES DISTRICT JUDGE